[No. 616. Decided January 31, 1889.]

L. S. DARLAND, MARY J. SAVAGE, J. L. SPERRY AND W. J. FURNISH v. E. A. LEVINS AND J. E. DRENNAN.

CHATTEL MORTGAGE—RECORDING—PURCHASER WITH NOTICE.

The sole purpose of the statute of Washington Territory requiring a chattel mortgage to be recorded is to give notice by the record to subsequent purchasers or mortgagees of the property; and such subsequent purchaser or mortgagee, with full knowledge of the first mortgage, cannot resist its foreclosure on the ground that it does not properly describe the mortgaged property, or that it was not recorded at the proper place and within the time required by the statute.

*Appeal from District Court, Yakima County.*

*Allen, Whitson, Gilliam & Parker,* for appellants Sperry and Furnish; *H. J. Snively,* for appellants Darland and Savage.

*R. O. Dunbar,* and *Sol. Smith,* for appellees.

The opinion of the court was delivered by

LANGFORD, J.—This is a case wherein the plaintiff E. A. Levins has sued Drennan and others for the foreclosure of

a certain mortgage on a flock of sheep; Drennan being the mortgagor, and Levins the mortgagee. Drennan makes no defense, but J. L. Sperry and W. J. Furnish, partners, defend as mortgagees of Drennan. L. S. Darland and M. J. Savage defend as purchasers of the sheep. Each of these defendants, in their respective rights, dispute the validity of the mortgage from Drennan to Levins upon the ground that the mortgage does not sufficiently describe the sheep, and was not recorded in the proper county, and within the time prescribed by law. Levins sold 1,275 sheep to Drennan. Drennan gave a mortgage back, describing the sheep mortgaged as "1,275 head of sheep, their wool and increase," and nothing further. By agreement between the parties the description was afterwards amended by adding: " The sheep known as the Levins band of sheep, branded 5, and general ear-mark, a slit in the right ear, and a crop off the left ear." The contention is, that under the statutes of this territory relating to chattel mortgages, said mortgage is void for want of description, and because not recorded in the county in which the sheep were. We think the statute was made for the purpose of protecting creditors and subsequent purchasers and subsequent mortgagees by giving them notice by the records of the recorder's office. The limitations and provisions of the statute are all exclusively for that purpose, and did not intend to change the previous law as between the mortgagor and the mortgagee. The mortgage, without record, or without any other description than what was inserted in it, is certainly a good mortgage, so far as the mortgagor and the mortgagee are concerned. The mortgage of Sperry & Furnish was taken with full knowledge and agreement that the prior mortgage of Levins was good, and that it was held as a security for the payment of the purchase price of the sheep; and it was taken only to secure Sperry & Furnish out of the residue of the proceeds of the sheep after the first mortgage had been satisfied. That is all that was intended by Drennan

when he mortgaged the sheep to Sperry & Furnish, and all that Sperry & Furnish expected to get was a lien on the residue of the sheep after Levins' mortgage was paid; and hence the decree, in so far as it orders that the sheep shall be sold, and the proceeds applied to the payment, first, of Levins, and next of Sperry & Furnish, is strictly in accordance with the contract of the parties. After these two mortgages had been executed, Drennan pretended to sell the same sheep to Darland and M. J. Savage. They had full knowledge of the two previous mortgages when they pretended to purchase; and if they ever paid anything to Drennan upon this pretended sale it was after they had full knowledge of these two previous claims or mortgages. Indeed, the circumstances, as shown by the evidence, indicate very strongly that Darland and Savage never agreed upon any particular price that should be paid for the flock of sheep, nor how many were in the flock of sheep, and they never made any actual payment which would show that they purchased the sheep at all in good faith. The decree, therefore, of the district court is affirmed.

BURKE, C. J., and ALLYN, J., concur.