[No. 1554. Decided March 8, 1895.]

HERMAN L. CHASE, *Respondent*, v. TACOMA BOX COMPANY *et al.*, *Defendants*, ROBERT WINGATE, *Receiver*, *Appellant*.

FIXTURES — WHAT CONSTITUTES — CHATTEL MORTGAGES — NECESSITY FOR AFFIDAVIT AND RECORD.

Machinery and apparatus attached to a building by means of bolts, screws and nails, but which is readily detachable without injury to the freehold, and capable of being used as well elsewhere, not having been designed as a part of the building where used, nor such building constructed and adapted for the special use of such apparatus, there being, moreover, no intent on the part of the party making the annexation to make the articles permanent accessions to the freehold, are not fixtures, such as will pass under a mortgage of the realty.

A chattel mortgage is not necessarily invalid because of failure to conform to the requirements of Gen. Stat., §§ 1648, 1649, in regard to

affidavits of good faith and record of the instrument, but, without such affidavit and without being recorded, it would be good as against the mortgagor and all others, excepting creditors of the mortgagor or subsequent purchasers or incumbrances of the property for value.

*Appeal from Superior Court, Pierce County.*

*Doolittle & Fogg,* for appellant.

*Dunning & Pratt,* and *N. C. Richards,* for respondent.

The opinion of the court was delivered by

GORDON, J.—The subject matter of this litigation is machinery and apparatus in a box factory, located upon block 7,632, in a certain addition to the city of Tacoma. Both parties here are claiming the property under and by virtue of decrees of foreclosure of mortgages, of which mortgages respondent's is prior in point of time. The appellant bases his claim to the machinery in question on the fact that his mortgage describes the real estate, together with the machinery and apparatus thereon situate, and claims that the property is *personal* property, and does not pass with the realty, and that he is entitled to the same as personalty under and by virtue of the description of the property in his mortgage, which, after describing the land, is as follows: "And the machinery and apparatus upon said premises at the time of giving said mortgage." Appellant claims that these words show an express intention to convey what he contends is personal property, which was not conveyed under respondent's mortgage conveying the real estate, together with the tenements, hereditaments and appurtenances thereunto belonging. There is no claim that appellant's mortgage was ever filed or recorded as a chattel mortgage. The court below sustained respondent's motion to dismiss appellant's petition, and the appel-

lant having excepted to such ruling, prosecutes this appeal.

Of the major portion of the machinery and apparatus the petition avers that:

"Said machinery and apparatus can all be removed without injury to the freehold or to said machinery and apparatus; that there is no special adaptation of the real property to the said machinery and apparatus. That said machinery and apparatus are not attached to the walls of the said building, or in any way annexed in a permanent way to any part of said building. That said machinery and apparatus rest upon the floor of said building by means of iron legs, and are fastened to the floor, or to blocks set upon the floor of said building, by screws, or nails or bolts, for the purpose solely of steadying said machinery and apparatus when in use; and that said machinery and apparatus can be used for the purpose for which it was intended, as well in any other place as where now located, and that said machinery and apparatus although a portion thereof is connected with the shafting to said building, by belting or otherwise, are all independent machines, complete in themselves and that they are constructed after fixed patterns and are solely implements bought and sold in gross, and in no way fixtures or part or parcel of the real estate, and that upon the removal of the said machinery and apparatus the value of the freehold would be unimpaired."

Of the balance, consisting of chain-blocks, belting, trucks, wrenches, tools, scales, safe and stitching machines, etc., it is alleged that "none of it is affixed in any way or manner to the freehold."

There is an immense mass of law-learning upon the subject of fixtures, and the courts have striven to lay down some guneral rule by which the facts of each case might be tested and the conclusion derived whether a particular thing under certain circumstances

constituted a part of the realty or not, but no satisfactory rule has been devised, and probably never will be, owing to the difficulties inherent in the nature of the property itself. Between landlord and tenant many things are regarded as personal which might be considered a part of the realty as between vendor and vendee, mortgagor and mortgagee, or heir and executor. The older cases very generally hold to the idea that an actual physical annexation must be shown. But this strict rule of the old law has been much relaxed in favor of trade and manufacture, and the encouragement of new and constantly growing industries, and the doctrine of constructive annexation is now very generally, if not universally, recognized. And it is believed that any attempt to solve the question by applying the sole test of the character or extent of the actual annexation to the soil involves the question in many perplexing difficulties.

In *Johnson's Ex'r v. Wiseman's Ex'r*, 4 Metc. (Ky.) 360 ( 83 Am. Dec. 475 ), the court said:

" The better opinion . . : is in favor of viewing everything as a fixture which has been attached to the realty with a view to the purposes for which it is held or employed, however slight or temporary the connection between them. . . . The question whether chattels are to be regarded as fixtures depends less upon the manner of their annexation to the freehold than upon their own nature and their adaptation to the purposes for which they are used."

In *Helm v. Gilroy*, 20 Or. 517 ( 26 Pac. 851 ), the court say:

" The weight of modern authority, keeping in mind the exceptions as to constructive annexation, admitted by all the authorities to exist, seems to establish the doctrine that the true criterion of an irremovable fixture consist in the united application of several tests:

( 1 ) Real or constructive annexation of the article in question to the realty; ( 2 ) appropriation or adaptation to the use or purpose of that part of the realty with which it is connected; ( 3 ) the intention of the party making the annexation to make the article a permanent accession to the freehold, this intention being inferred from the nature of the article affixed, the relation and situation of the party making the annexation, the policy of the law in relation thereto, the structure and mode of the annexation, and the purpose or use for which the annexation has been made."

And we think that the "annexation" is not of necessity an absolute fastening or continued physical union in all cases.

It is doubtful if any general rule can be formulated that will be applicable to all cases, and regard must be had to the particular circumstances of each case; the relationship existing between the parties, the nature of the article, and its use as connected with the use of the freehold should not be lost sight of, but the annexation may be either actual or constructive, and the intention of the owner of the fee is often of the utmost importance in determining whether in a given case a chattel has become a fixture.

But while the intention of the party affixing the machinery enters into the elements of each case, still such mere intention will not determine or alter its legal character, and whether or not in a given case it remains personalty, or becomes a fixture, must depend upon the facts and circumstances, and not on his opinion.

" Movable machines . . . . whose number and permanency are contingent on the varying circumstances of the business, subject to its fluctuating conditions, and liable to be taken in or out, as exigencies may require, are different in nature and legal character from the steam engine, boilers, shafting and other articles secured by masonry . . . designed to be perma-

nent and indispensable to the enjoyment of the freehold." *Rogers v. Brokaw*, 25 N. J. Eq. 497.

In the case of *Wolford v. Baxter*, 33 Minn. 12 (21 N. W. 744, 53 Am. Rep. 1), the court say:

"While physical annexation is not indispensable, the adjudicated cases are almost universally opposed to the idea of mere loose machinery or utensils, even where it is the *main agent or principal thing in prosecuting the business to which the realty is adapted*, being considered a part of the freehold for any purpose. To make it a fixture, it must not merely be essential to the business of the structure, but it must be attached to it in some way, or, at least, it *must be mechanically fitted so as, in ordinary understanding, to constitute a part of the structure itself*. It must be permanently attached to, or the component part of, some erection, structure or machine which is attached to the freehold, and without which the erection, structure or machine would be imperfect or incomplete. . . . The intent that they should remain . . . for permanent use there is unimportant. *Intent alone will not convert a chattel into a fixture.*"

And this doctrine is reaffirmed in 35 Minn. 543 (29 N. W. 349), in the case of *Farmers' Loan & Trust Co. v. Minneapolis Engine & Machine Works*, where it is held that machinery, to become part of the realty, must be either physically attached to it, or be, in ordinary understanding, a part of the building upon it, as where the building is constructed wholly or in part for the machinery, or the machinery is constructed for the building, or some part of it is fitted into it.

In *Hill v. Wentworth*, 28 Vt. 429, it is held that —

"Not only the manner and extent, but the object and purposes of the annexation of a chattel to a building are to be considered in determining whether it has become a fixture and part of the realty. That the article is essential to the use of the building for the *business*

*for which it is used, is not the test by which to determine whether or not it is a part of the realty.*

"To change the character of an article from a chattel to a fixture there should be some positive act and intent to that effect, on the part of the person annexing it to a building; and, if the intent is left in doubt upon an inspection of the property itself, *taking into consideration its nature, the mode, extent, purpose and object of its annexation, it should be held to remain personal property.* Articles of machinery used in a manufactory do not become a part of the freehold when they are only attached to the building for the purpose of keeping them steadier, and in a manner best adapted to that purpose, so that their use as chattels may be more beneficial, and are attached in such a way that they may be removed without injury to the freehold or to the articles themselves as chattels."

And in *Keeler v. Keeler*, 31 N. J. Eq. 181, the court says:

"There appears to have been no especial adaptation of these machines to the place where used, nor any preparation of a place to receive them. *They were suitable and proper to be there, if such instruments were required for their proper work, but equally suitable and useful elsewhere.* They were movable in the building. . . . They were constructed, after fixed patterns, for all purchasers — things in gross, mere implements, heavy and complicated tools. If they ceased to be used in this factory they were movable without alteration, without detriment to the building, and could be used equally well in another place provided with power to drive them."

In *Cherry v. Arthur*, 5 Wash. 787 (32 Pac. 744), this court said:

"In ascertaining whether . . . a machine does become part of the realty in favor of mortgagees, the rule is, that the manner, purpose, and effect of annexation to the freehold must be regarded. If a building be erected for a definite purpose, or to enhance its

value for occupation, *whatever is built into it to further those objects*, becomes a part of it, even though there be no permanent fastening such as would cause permanent injury if removed. But mere furniture, although some fastening be necessary to its advantageous use is removable. Peculiarly subject to this rule are machines which can be used in one place as well as another, and which add nothing to the building, though they may be of advantage to the business conducted there."

We are entirely satisfied with what is here said upon the subject, and think it best accords with reason and modern authority. *Carpenter v. Walker*, 140 Mass. 417 (5 N. E. 160); *McConnell v. Blood*, 123 Mass. 47 (25 Am. Rep. 12); *Wheeler v. Bedell*, 40 Mich. 693; *Voorhees v. McGinnis*, 48 N. Y. 278; *Teaff v. Hewitt*, 1 Ohio St. 511 (59 Am. Dec. 634); *Case Mfg. Co. v. Garven*, 45 Ohio St. 290 (13 N. E. 493); *Murdock v. Gifford*, 18 N. Y. 28; *Manwaring v. Jenison*, 61 Mich. 117 (27 N. W. 899); *Balliett v. Humphreys*, 78 Ind. 388.

In the case of *Case Mfg. Co. v. Garven, supra*, the court say:

" It has generally been held in this country that articles of machinery used in a factory for manufacturing purposes, only attached to the building to keep them steady in their places so that they may be more serviceable when in use, and that may be removed without any essential injury to the freehold *or the articles themselves, are personal property and do not pass by a conveyance or mortgage of the freehold.*"

And in *Murdock v. Gifford, supra*, it was said that—

"All that part of the gearing or machinery which has special relation to the building with which it is connected, would belong to the freehold; while an independent machine like a loom, which, if removed, still remains a loom, and can be used as such wherever it is wanted and power can be applied to it, will still retain its character of personalty."

We do not think that mere adaptability of machinery to use in the business which happens to be conducted upon the realty is of itself enough to give the character of realty to the machinery. To constitute machinery and apparatus fixtures, it is not alone sufficient that they be placed in the shop or factory with the intent that they should remain there for permanent use, but the intent must be to make them a permanent accession to the freehold.

We are not unmindful of the fact that there is much authority opposed to the views herein expressed, but it is believed that a review of the cases in detail would serve no useful purpose.

Respondent insists, however, that the appellant is not entitled to hold or claim any portion of the property here in dispute for the reason that appellant's mortgage was not executed and recorded in compliance with the statute governing chattel mortgages.

Sec. 1648, Gen. Stat., provides:

"A mortgage of personal property is void as against creditors of the mortgagor or subsequent purchaser, and incumbrances of the property for value and in good faith, unless it is accompanied by the affidavit of the mortgagor that it is made in good faith, and without any design to hinder, delay, or defraud creditors, and it is acknowledged and recorded in the same manner as is required by law in conveyance of real property."

And the following section requires that a mortgage of personal property should be recorded in the office of the county auditor of the county in which the mortgaged property is situated, in a book kept exclusively for that purpose.

We think, however, that respondent's contention in this regard, is fully met by the case of *Darland v. Levins*, 1 Wash. 582 (20 Pac. 309), in which the court

25—11 WASH.

held that the sole purpose of the statute requiring
chattel mortgages to be recorded is to give notice by
the record to *subsequent purchasers or mortgagees of the
property*.   And what is said of the failure to record a
chattel mortgage is applicable to a case where the mort-
gage is unaccompanied by the affidavit of the mort-
gagor provided by § 1648.   Without such affidavit it
would be good as against the mortgagor and all others
excepting "creditors of the mortgagor or subsequent
purchasers or incumbrances of the property for value."

Other points urged in the respondent's brief are in-
applicable to the record here presented, and for that
reason we must decline to discuss them.

The judgment and order appealed from will be re-
versed.

HOYT, C. J., and ANDERS, SCOTT and DUNBAR, JJ.,
concur.