[No. 1653. Decided March 14, 1895.]

ROY & CO., *Respondent*, v. SCOTT, HARTLEY & Co. *et al.*, *Defendants*, J. F. MCNAUGHT *et al.*, *Appellants.*

REVIEW ON APPEAL — FINDINGS IN EQUITY CASES — CORPORATIONS — CONTRACTS — ESTOPPEL — CHATTEL MORTGAGES — VALIDITY AS AGAINST SUBSEQUENT INCUMBRANCES.

The findings of the court in an equitable cause will not be disturbed on appeal when there is competent proof tending reasonably to establish the facts found.

A mortgage executed by one corporation to another is not to be deemed fraudulent solely because of the fact that the same individual is president of both corporations.

Where all the stockholders of a corporation acquiesce in the execution of a mortgage upon its property, they are estopped from setting up the invalidity of the mortgage, on the ground that it was executed without corporate authority.

Where a mortgage executed without corporate authority is valid as against the corporation and its stockholders, it is valid as against subsequent creditors and incumbrancers.

The want of an affidavit of good faith, as required by Gen. Stat., § 1648, will not invalidate a chattel mortgage as against subsequent creditors and incumbrancers having actual notice.

Where a subsequent mortgagee takes, with full knowledge of the existence of a prior mortgage, the failure of the first mortgagee to record his instrument, will give the second mortgagee no priority of lien.

*Appeal from Superior Court, King County.*

*Battle & Shipley* and *Brady & Gay,* for appellants.

*John W. Corson,* for respondent.

The opinion of the court was delivered by

GORDON, J.—This action was brought by respondent, a corporation, to foreclose a chattel mortgage, given to secure two promissory notes aggregating $3,000, said notes and mortgage bearing date September 2, 1893, executed by Scott, Hartley & Company, a corporation; also a bill of sale, absolute in form, but intended as a mortgage to secure a note for $500 to Barre Bros., which bill of sale also bears date September 2, 1893, and covers all of the property described in the mortgage first mentioned, and in addition thereto also includes one pair of horses not covered by said mortgage. The last mentioned note and bill of sale intended to secure it were duly assigned to respondent prior to the commencement of this action. Appellants, McNaught and Johnson, were made parties defendant in the action, and filed separate answers. Appellant McNaught having recovered a judgment against the corporation of Scott, Hartley & Co. on March 13, 1894, caused an execution to be levied upon the property included in the bill of sale and mortgage. The appellant Johnson claims a portion of the property by virtue of a chattel mortgage, executed by the corporation of Scott, Hartley & Co., on the 14th of February, 1894, to secure its note to said Johnson, of even date therewith, in the sum of $455.

At the time when respondent's mortgage and bill of sale were executed all of the property in controversy was in King county, and said mortgage and bill of sale were duly filed and recorded therein. In January thereafter, pursuant to an arrangement between the corporation of Scott, Hartley & Co., mortgagor, and the respondent, that part of the property in question which is embraced in Johnson's mortgage (consisting chiefly

of horses and their harnesses), was intrusted to one Lynch, and by him taken to Whatcom county, to be used in logging, the said Lynch promising in writing to return all of said property to King county on or before February 15, 1894. Respondent failed to record its mortgage and bill of sale in Whatcom county within thirty days after the removal of said property to said county, or at all, and it was while said property was in Whatcom county that the mortgage was given to Johnson, who duly filed and recorded the same in said Whatcom county.

Prior to March, 1893, F. E. Scott and Thomas Hartley were co-partners in the logging business, under the firm name of Scott & Hartley, and as such were the owners of nearly all the property in question; and said firm was at that time largely indebted to the respondent. In March, 1893, the corporation of Scott, Hartley & Co. was organized by said F. E. Scott, Thomas Hartley and Eugene Roy, sole incorporators and trustees, said Roy being also at that time, and at all times thereafter, the president of respondent corporation; and upon its formation the firm of Scott & Hartley transferred to it all of the property here involved, except a small portion, which was subsequently acquired. Thereafter said corporation of Scott, Hartley & Co. continued to deal with respondent, and respondent extended credit to it.

On August 8, 1893, Hartley sold all his stock in the corporation of Scott, Hartley & Co. to Roy, who assumed as part consideration for such transfer "all of the liabilities of T. J. Hartley upon the obligations of the firm of Scott & Hartley, including an account to Roy & Co., also a note of $1,330 due Roy & Co., and . . . all other obligations of T. J. Hartley in said firm of Scott & Hartley."

Appellants assail the validity of respondent's mortgage and bill of sale and urge, among others, the following objections:

(1) The want of corporate authority to execute the mortgage.

(2) That they were given without any consideration, and were fraudulent.

(3) That, inasmuch as Roy was the common' president of both mortgagor and mortgagee corporations, the transaction between them was, and is, void.

(4) That the bill of sale intended as a mortgage is void for want of the affidavit required by § 1648, Gen. Stat., concerning mortgages.

And the further point is made by appellant Johnson, viz.:

(5) That his mortgage is a first lien upon the property described therein, because of respondent's failure to record its mortgage in Whatcom county.

The testimony upon the trial was very conflicting, especially as to the condition of the accounts between the corporations of Scott, Hartley & Co. and respondent, at the time when the mortgage to respondent was given; but insofar as the propositions here urged are concerned, the court found:

" That the said chattel mortgage and bill of sale in the plaintiff's complaint set forth were executed and delivered by Eugene Roy, as president, and F. E. Scott, as secretary, of the defendant corporation, Scott, Hartley & Co.; and that upon the date of such execution and delivery as aforesaid the said Eugene Roy and Frank E. Scott were the only stockholders in the corporation of Scott, Hartley & Co."

" That there is no evidence that the said mortgages, or either of them, were given for the purpose of defrauding other creditors of Scott, Hartley & Co., and that there is no evidence that Scott, Hartley & Co.

was on the second day of September, 1893, in any way indebted to the defendant [appellant], J. F. McNaught."

"That the defendant Johnson took his mortgage upon portions of the identical property covered by the plaintiff's mortgage, and covered also by the said bill of sale, with full knowledge and notice of the mortgage of the plaintiff upon said property and the bill of sale . . . of the same property, and took the said mortgage as security for an antecedent debt."

This court has held in *Webster v. Thorndyke, ante,* p. 390, that:

"Under the provisions of the statute of 1893 the findings of the trial court in an equity cause stand upon substantially the same footing as those of the court or jury in a law case. . . . If a finding is supported by proof which reasonably establishes the facts found, it will not be disturbed because there is testimony to the contrary, even although we should be of the opinion that such testimony was entitled to greater weight than that which tended to support the finding."

An examination of the record has satisfied us that there was competent proof in the court below tending "reasonably to establish" the facts found, and, under the rule laid down in *Webster v. Thorndyke, supra,* this court is not warranted in disturbing said findings.

Objections one and three above noticed will, for the sake of convenience, be considered together, and they are:

"1. The want of corporate authority to execute the mortgage," and, "3. That inasmuch as Roy was the common president of both mortgagor and mortgagee corporations the transactions between them was and is void."

As already noticed the court found that at the time of the execution Roy and Scott were the only stockholders in the corporation of Scott, Hartley & Co., and acting as president and secretary, respectively,

they executed the instrument in question. It follows, therefore, that neither they nor the corporation itself can be heard to repudiate the transaction.

Although the law regards with disfavor contracts made by directors of corporations with themselves, nevertheless such contracts are not necessarily void. The fact of such relationship does not of itself render the transaction fraudulent. While such a transaction is well calculated to rouse suspicion, and calls for a "rigid and severe" scrutiny in its examination, and requires clear and full proof of a valuable and sufficient consideration and of the good faith of the parties, still when such examination has been made and such proof has been furnished, the transaction is valid as to creditors and must stand. *O'Conner Min., etc., Co. v. Coosa Furnace Co.*, 95 Ala. 614 (10 South. 290, 36 Am. St. Rep. 251); *Ashurst's Appeal*, 60 Pa. St. 290; *Buell v. Buckingham*, 16 Iowa, 284 (85 Am. Dec. 516); *Gordon v. Preston*, 1 Watts, 385 (26 Am. Dec. 75).

But, assuming that the transaction was one that could be repudiated without any showing of fraud or injury, it would still be voidable merely and not void, and *the right to avoid it would belong only to persons who had an interest in the property before the transfer*, and no other person has the right to question it or set the sale aside. *Buell v. Buckingham, supra; Hawley v. Cramer*, 4 Cow. 717, 744; *Edmondson v. Welsh*, 27 Ala. 578; *Wightman v. Doe*, 24 Miss. 675; *O'Conner Min. Co. v. Coosa Furnace Co., supra; Gordon v. Preston, supra.*

Here appellant McNaught not only had no interest in, or lien upon, the property at the time when the mortgage and bill of sale in question were given, but the court has found that he was not at that time a creditor and that there was no actual fraud in the transaction itself. Hence he clearly is not in a position to avoid

the transaction.   Respondent's bill of sale and mortgage being executed by the only stockholders in the corporation giving the same as between the corporations of Scott, Hartley & Co. and respondent, the same became and were valid; and while it may be true as a proposition of law that a minority of the stockholders may attack and rescind a contract made without authority of the corporation and without the consent of such stockholders, *acquiescence in such contract estops* the corporation from impugning the same, and this proposition seems to be fully sustained by the authorities already cited.   Dealings between corporations represented by the same persons as directors may be binding upon each corporation and the stockholders thereof.   They become binding if acquiesced in by the corporations and their stockholders.   It follows that the corporation of Scott, Hartley & Co. is estopped from setting up the invalidity of the mortgage or bill of sale, the whole number of its stockholders having concurred therein, and participated in their execution; and said instruments being valid as against the corporation and its stockholders, are valid as to appellant McNaught, who, as we have already seen, was not at that time one of its creditors; and for like reasons they are also valid as to appellant Johnson who is claiming merely as a subsequent incumbrancer.

The second objection noticed concerns exclusively a question of fact, and is answered by the finding, "that there is no evidence that the mortgages, or either of them, were given for the purpose of defrauding other creditors of Scott, Hartley & Co."

The fourth contention is "that the bill of sale intended as a mortgage is void for want of the affidavit required by § 1648 of the Code, vol. 1, concerning mortgages."   That section is as follows:

"A mortgage of personal property is void as against creditors of the mortgagor or subsequent purchaser and incumbrances of the property for value and in good faith, unless it is accompanied by the affidavit of the mortgagor that it is made in good faith, and without any design to hinder, delay, or defraud creditors, and it is acknowledged and recorded in the same manner as is required by law in conveyance of real property."

And appellants rely upon this section and upon the cases of *Sayward v. Nunan,* 6 Wash. 87 (32 Pac. 1022), and *Sayward v. Thayer,* 9 Wash. 22 (36 Pac. 966). The appellants do not occupy common ground as regards this contention. The appellant Johnson is claiming solely by virtue of a mortgage executed subsequently to that under which respondent claims. The court has found that he " took his mortgage . . . with full knowledge and notice of (respondent's) mortgage and bill of sale." Failure to attach the affidavit only renders the instrument void as to " creditors and subsequent purchasers and incumbrancers of the property " for value and in good faith. As to parties having actual knowledge of the existence of the mortgage the failure to attach the affidavit is in effect under the statute the same as a failure to record, and the court has held in the latter case that it was good as between the parties and those having actual notice. *Darland v. Levins,* 1 Wash. 582 (20 Pac. 309).

Nor do we think that this objection can avail the appellant McNaught, who, as we have already seen, was not a creditor at the time when the instrument was executed and recorded. The statute makes the chattel mortgage (unaccompanied by the affidavit) void only as " against creditors of the mortgagor or subsequent purchaser and incumbrancers of the property for value and in good faith." The word " subse-

quent" relates not to creditors, but to purchasers and incumbrancers. As between mortgagor and mortgagee the instrument was valid and binding as a mortgage without the affidavit, and McNaught, being at that time a mere stranger to the property and having no interest in it, cannot invoke the aid of the statute which favors a class to which he does not belong.

The sole remaining claim (and one which concerns appellant Johnson only) is "that his mortgage is a first lien upon the property described therein because of respondent's failure to record its mortgage in Whatcom county." As already stated, the court below found that Johnson had full knowledge of respondent's mortgage, and that being true, it follows that what has already been said herein concerning the failure to attach the affidavit required by § 1648 applies to this last contention and furnishes the answer to it.

The judgment appealed from is affirmed.

HOYT, C. J., and ANDERS, DUNBAR and SCOTT, JJ., concur.