[No. 1663.　Decided April 30, 1896.]

EDWARD MENDENHALL, *Respondent*, v. V. KRATZ *et al.*,
*Defendants*, MICHAEL EARLES, *Appellant*.

UNRECORDED CHATTEL MORTGAGE — SUBSEQUENT PURCHASERS — DE-
SCRIPTION OF GOODS — PUBLICATION OF DEPOSITIONS.

A chattel mortgage, although not verified and recorded as re-
quired by Gen Stat., § 1648, is not void as to subsequent purchasers,
who take with notice of its existence.

The location of chattels mortgaged need not be stated in the
mortgage, if they are otherwise sufficiently described.

Notice of motion to publish depositions is not necessary, as Code
Proc., § 822, requiring notice of motions to the adverse party is not
applicable to motions which cannot be contested.

That the complaint is amended after a deposition is taken will
not be sufficient to exclude it, if it is upon and pertinent to the
issues raised by the amended complaint.

Depositions opened by the clerk by mistake but at once sealed up
and kept in his custody until regularly ordered to be published by
the court, may, within the discretion of the court, be used upon the
trial.

Appeal from Superior Court, Clallam County.—
Hon. JAMES G. McCLINTON, Judge. Affirmed.

*Brady & Gay*, for appellant.

*G. W. Somerindyke*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—This action was brought to foreclose a
chattel mortgage executed by V. Kratz and the Clal-
lam Lumber Company to Russell & Co., an Ohio cor-
poration, to secure the payment of $3,000, the same
being a part of the purchase price of certain sawmill
machinery included in the mortgage. The instru-
ment was dated May 26, 1891, but was not acknowl-
edged and delivered until June 3, 1891. At or about

the time the mortgage was delivered the property therein mentioned was shipped from Portland, Oregon, to the mortgagors at Clallam Bay in Clallam county, Washington, where it was when this action was commenced. The mortgage was filed for record in King county on July 9, 1891, but was not filed in Clallam county until April 11, 1892. On or about November 18, 1891, the defendant Earles purchased the property for a valuable consideration from the mortgagors who were then in possession thereof at Clallam Bay aforesaid. The mortgage and notes, it is conceded, were duly assigned and transferred to plaintiff prior to the commencement of this action. There was no affidavit of good faith accompanying or attached to the mortgage, as required by statute, nor was it acknowledged by the Clallam Lumber Company both of which facts appeared from the complaint, of which the mortgage sought to be foreclosed was expressly made a part. The defendant Earles, appellant here, interposed a demurrer to the complaint on the ground that it failed to state a cause of action as against him, which demurrer was overruled by the court. He then filed an answer in which he, after denying the material allegations of the complaint, alleged affirmatively that on November 18, 1891, he purchased the property described in the complaint for value and in good faith.

Upon the issues presented by the pleadings a trial was had resulting in a decree of foreclosure of the mortgage in question. From this judgment and decree the defendant Earles has appealed and alleges, among other things, that the court erred in overruling his demurrer to the complaint. His contention is that under the express provisions of our statute the mortgage upon which this action was based was and

is, as to him, absolutely ineffectual and void, for the reasons that it was not accompanied by the required affidavit and was not properly acknowledged or timely recorded. The learned counsel for the respondent concedes that the mortgage is defective in the particulars mentioned, and that it was not recorded prior to appellant's purchase of the property; but he nevertheless insists that appellant had, or, at least, by the exercise of ordinary diligence, could have had, knowledge of its existence, and that he is, therefore, not in a position to avail himself of the objections above specified, and, hence, took the property subject to the lien.

In order to determine which one of these positions is correct it is necessary to refer to the statute concerning chattel mortgages, for it can hardly be disputed that he who claims a statutory lien upon property must be able to show that he is within the terms of the statute granting or authorizing it. That a mortgage of personal property may be good as between the parties, and, at the same time, void as to other parties is not disputed. The only question here is whether the mortgage as to appellant is or is not void under the statute. Sec. 1648 of the General Statutes, (1 Hill's Code,) provides that,

"A mortgage of personal property is void as against creditors of the mortgagor or subsequent purchaser, and incumbrances of the property for value and in good faith, unless it is accompanied by the affidavit of the mortgagor that it is made in good faith, and without any design to hinder, delay or defraud creditors, and it is acknowledged and recorded in the same manner as is required by law in conveyance of real property."

It will be observed that this statute makes a broad distinction between creditors and subsequent purchasers or incumbrancers. As to the former it positively

declares that chattel mortgages are void unless they are accompanied by the specified affidavit and are acknowledged and recorded as required by law. But an incumbrancer or subsequent purchaser, in order to avail himself of an omission of the affidavit, or of a failure to acknowledge or record the instrument, must be able to show that he is an incumbrancer for value and in good faith. Nothing is said about notice and that question is therefore material only in cases where good faith is required to be shown. The mere fact, therefore, that respondent's mortgage was not verified or recorded will not render it invalid as to appellant unless he purchased the property for value and in good faith; and no one can become a purchaser or an incumbrancer of property in good faith, if he have notice of a pre-existing mortgage, although such mortgage may not be recorded or verified in accordance with the statute. *Roy & Co. v. Scott, Hartley & Co.*, 11 Wash. 399 (39 Pac. 679); *Farmers' Loan & Trust Co. v. Hendrickson*, 25 Barb. 484.

See, also, *Chase v. Tacoma Box Co.*, 11 Wash. 377 (39 Pac. 639); *Darland v. Levins*, 1 Wash. 582 (20 Pac. 309); *Hinchman v. Point Defiance Railway Co.*, *ante*, p. 349; Jones, Chattel Mortgages (4th ed.), § 318.

The complaint in this action alleges that appellant's interest in the property in question was acquired subsequently to the making and delivery of respondent's mortgage, and with full knowledge of its existence and that the same had not been paid; and this being true for the purpose of the demurrer, it follows that the objection to the complaint on the ground that the mortgage was not acknowledged or recorded is not well taken.

But it is further claimed that the mortgage is void on its face for the reason that the description of the

property therein set forth is insufficient to identify it, and is too vague and indefinite to impart notice to third parties. The articles included in the mortgage are separately mentioned and the more important ones are not only described generally but also by numbers, as, for example: "One 10x16 (65 H. P.) Automatic Engine No. 6075." All of the property is stated to have been manufactured by Russell & Co., and it consists of machinery such as is only used in sawmills and planing mills; and it does not appear that the Clallam Lumber Company ever owned any other machinery of the kind. Indeed, it is difficult to see how a more minute description could have been given. It is true that the location of the property is not stated, but that, though usual and proper, is not necessary where the property is otherwise sufficiently described. 1 Cobbey, Chattel Mortgages, § 179; *Adams v. Hill*, 10 Kan. 627. It is generally, or at least often, impossible to describe property in a mortgage or other instrument so particularly that a stranger can select it from other property of the same kind or class without the aid of facts which do not appear in the instrument itself; and, therefore, any description in a mortgage is sufficient which will enable a stranger, aided by inquiries which the instrument itself suggests, to identify the property. 1 Cobbey, Chattel Mortgages, § 170; Jones, Chattel Mortgages, § 54, and cases cited.

Tested by this rule, we think the description is sufficient, and that the demurrer was properly overruled.

It is contended by appellant that the court erred in admitting in evidence certain depositions, for the reason that they were published by order of the court without notice to appellant. In support of this contention, appellant cites § 822 of the Code of Procedure, which requires certain motions to be made in writing

and to be heard upon notice to the adverse party. But that section is not applicable to motions or requests which in the nature of things cannot be contested. So far as we are informed, it has always been the practice of the courts in this state to order depositions to be published on the mere suggestion or request of a party, and there is nothing in our statute declaring that notice shall be given. But, even if the action of the court was wrong in this particular, appellant was not injured thereby and therefore has no just cause of complaint.

It is insisted, however, that the deposition of E. R. Fraser should have been excluded, for the reason that it was not proved that the person before whom it was taken was a justice of the peace, and that an amended complaint was filed after it was taken, which materially changed the issues to be tried. It is a sufficient answer to these objections to observe that it appears that the deposition was taken on notice before J. B. Wood, a justice of the peace of Spokane county, and was certified and returned as required by statute, (Code Proc., § 1666, *et seq.*,) and that the testimony in the deposition was upon, and pertinent to, an issue raised in the amended complaint, and was, therefore, admissible. The original complaint is not in the record and, therefore, we are unable to say what issues were raised or tendered by it. Two of the depositions used on the trial were opened by the clerk by mistake, without an order of the court, but were at once sealed up again and kept in the custody of the clerk until regularly ordered to be published by the court. Under such circumstances it was clearly within the discretion of the court to admit them in evidence. Weeks, Depositions, §§ 422 and 429; *Spear v. Richardson*, 37 N. H. 23.

It is also urged that the evidence fails to prove that

appellant had notice of the existence of the mortgage at the time he purchased the property. There is an irreconcilable conflict of testimony upon that point. It is admitted that E. R. Fraser, one of the members of the Clallam Lumber Company, made the sale of the machinery to appellant, and he testifies positively that during the negotiations, which extended over a period of about one month, he repeatedly told appellant that Russell & Co. held a mortgage on the property for a part of the purchase price, and that he and appellant went to Seattle together to see the agent of Russell & Co. and ascertain if he would sell or cancel the mortgage for less than its face value for cash, but could not find him, as he was not at home at the time. Appellant admits going to Seattle with Fraser, but says his object in going was to see whether Russell & Co. held a mortgage on the property. He also admits that he knew that the machinery had not been fully paid for, but denies emphatically that he had any knowledge or notice whatever of any mortgages except those purchased by him of Stevens and Gilpin & Iseberg, and which he applied in part payment of the purchase price of the machinery. It seems somewhat strange that Fraser should go with appellant to Seattle to see if Russell & Co. had a mortgage when he knew they had, and his testimony as to the purpose of going there would seem more reasonable than that of appellant, if, in fact he had previously apprised appellant of the existance of the mortgage. But the testimony of Fraser was somewhat weakened by proof that his reputation for truth and veracity was not good, and must be viewed accordingly.

There is, however, other evidence upon this question in the record. Mr. Bigelow, a witness for plaintiff, testified:

" Mr. Earles told me that he was negotiating to buy the plant; that it would be bought cheaply if he bought at all. He said it was tangled up by claims and mortgages against it and that the original debt for machinery was not paid. He said he would have to look into the matter further, but he knew there was a mortgage against the first price of the machinery. . . . In my first conversation with Mr. Earles at Clallam Bay he said that this mortgage would have to be looked into; that he was investigating the affair. He said the machiney was bought in Portland, Oregon, and the Portland party held the mortgage, and that he was investigating the matter."

Mr. Bigelow also stated that he had had some disagreeable litigation with Mr. Earles, but that that fact did not affect his testimony. And another witness, Mr. Gilpin, who sold to appellant the mortgage against the property held by himself and Iseberg, states that appellant told him during the negotiations for the sale that he could not pay full face value for the mortgage, and that if he (witness) went into court he would have to contend with Russell & Co.'s $3,000 claim. Appellant denied the statements imputed to him by Bigelow, but admitted in effect, that he learned from Fraser that Russell & Co. had a claim against the property for $3,000, and that he used this knowledge as an argument to obtain the Gilpin mortgage at a discount.

Notwithstanding the very able argument set forth in the brief of counsel for appellant, we are constrained to say that a consideration of all the facts and circumstances disclosed in the record convinces us that the court committed no error in finding that appellant purchased the property in question with full knowledge of respondent's mortgage.

Some other points are raised in appellant's brief,

but as they are, in our opinion, without substantial merit, we will not stop to discuss them in detail.

We find no substantial error in the record, and the judgment will therefore be affirmed.

SCOTT, GORDON and DUNBAR, JJ., concur.

HOYT, C. J., dissents.