STRAHORN–HUTTON–EVANS COMMISSION COMPANY v.

FLORER & BANNERMAN.

(Filed July 30, 1898.)

1. CHATTEL MORTGAGE—*Execution—Number of Witnesses.* A mortgage of personal property is valid as between the parties thereto, and as to subsequent purchasers, who have actual notice or knowledge of said mortgage, notwithstanding said mortgage is attested by only one subscribing witness.

2. SAME—*Subsequent Purchasers—Notice.* A compliance with section 3275 of our statute, which provides "that a mortgage of personal property must be signed by the mortgagor in the presence of two persons who must sign the same as witnesses thereto," is only an essential requisite in order that such mortgage may be entitled to be filed in the office of the register of deeds of the proper county, for the purpose of operating as a constructive notice to creditors of the

mortgagor and subsequent purchasers and incumbrancers of the property, in good faith, for value. But a person who has actual notice or knowledge of an antecedent mortgage is not a purchaser of the property in good faith, for value, within the meaning of the statute, who can take advantage of the fact that the execution of such mortgage was only attested by one subscribing witness.

3. REPLEVIN—*Trial—Evidence—Error.* In an action in replevin, involving the recovery of certain personal property alleged to have been wrongfully detained by the agents of a subsequent purchaser of the property in controversy, and where it was sought to be shown by the plaintiff that the subsequent purchaser had actual notice, at the time of the transaction by which it acquired possession of the property in controversy, that the plaintiff had a mortgage on such property, *held*, that it was error to exclude such testimony from the consideration of the jury. Further *held*, that it was error for the court to direct the jury to return a verdict for the defendants.

(Syllabus by the Court.)

*Error from the District Court of Pawnee County; before A. G. C. Bierer, District Judge.*

*Botsford, Deatherage & Young* and *Asp, Shartel & Cottingham,* for plaintiffs in error.

*J. B. Ziegler,* for defendants in error.

### STATEMENT OF FACTS.

Replevin by the Strahorn-Hutton-Evans Commission company against Florer & Bannerman. Judgment for defendants, and plaintiff brings error. Reversed.

This was an action in replevin, brought by the plaintiff in error, in the district court of Pawnee county, on the 29th day of August, 1896, to recover possession of 112 head of cattle, of the value of $1,314, alleged to have been unlawfully detained by the defendants. The plaintiff in error based its right of action to recover upon a certain mortgage executed by one J. H. Stokes on the 10th of April, 1896. It appears that on the 16th day of April, 1896, Stokes borrowed of the plaintiff $7,000, and executed

three notes therefor, and to secure the same executed a chattel mortgage on 700 head of cattle, located in Stokes' pasture, which is known as the "Hampton pasture," and were described as "wintered Arkansas cattle," 400 steers 3 years old and over, 50 steers 1 and 2 years old, 125 cows, 125 heifers; all branded with a peculiar character, described as the "Flying —Z" brand, on the right side of the animal. It appears that said chattel mortgage was filed in the office of the register of deeds of Kay county, Oklahama Territory, on the 11th day of April, 1896. It further appears that said mortgage was signed by Stokes, the mortgagor, and attested by one A. R. Holcomb, the only witness to said instrument. It was acknowledged before one James Ratcliffe, notary public; said Stokes having also made an affidavit before the notary public at that time, stating that he was the sole owner of the property, and that the same was free and clear from all liens or claims. It further appears that prior to the commencement of this action said Stokes had become indebted to the Citizens' National Bank, of Independence, Kan., in a large sum of money, and for the purpose of making payment on said indebtedness he sold and delivered to said bank, through one D. F. Wallace, its agent and employee, the cattle in controversy. The price agreed upon was $15 per head, the aggregate amount to be credited on the indebtedness of Stokes to said bank. After receiving the cattle, Wallace turned them over to said Florer & Bannerman, defendants in error, to be by them held for the bank; and at the time of the commecement of this action said Florer & Bannerman were in the actual possession of the property, holding the same for said bank. It further appears that the plaintiff in error never had possession of any of the cattle in controversy.

The cause was tried on the issues presented by the petition of the plaintiff, and a general denial of the defendants. Upon the trial of the cause the plaintiff offered in evidence a certified copy of said chattel mortgage. The defendants objected to the introduction of the mortgage for the reason that it was not executed in conformity with the laws of this Territory, being signed only in the presence of one witness. The objection was sustained by the court, to which ruling the plaintiff excepted, and assigns it as one of the errors in this court. It also appears that on the trial one A. C. Stich, president of the Citizens' National bank, was called as a witness in behalf of the plaintiff, and was asked whether he did not have actual notice, at the time of the transaction by which the bank acquired possession of the cattle in controversy, that the plaintiff in error had a mortgage on them. The court sustained an objection to this question. The plaintiff sought to show that the bank had actual notice of the execution of said chattel mortgage from Stokes to the plaintiff. After hearing the evidence of both parties, the court, upon motion of counsel for defendants in error, directed the jury to return a verdict in favor of the defendants, which was accordingly done; to which the plaintiff excepted. The plaintiff filed a motion for new trial, which was overruled, and an exception saved by the plaintiff. Judgment was rendered by the court in favor of the defendants for costs, to which the plaintiff excepted, and brings the case to this court on appeal.

Opinion of the court by

HAINER, J.: The defendants to this action, Florer & Bannerman, are merely nominal parties. The Citizens' National bank, of Independence, Kan., is the real party

in interest.    The theory of the defendants was that the chattel mortgage executed by Stokes was void as against the bank, because the said mortgage was attested by only one subscribing witness, and for the further reason that the mortgage was filed in Kay county, Oklahoma, and hence was no notice to the bank, as a subsequent purchaser of the property, in good faith, for value, even if it were valid.    The plaintiff at the trial offered to introduce the chattel mortgage, for the purpose of showing that the bank had constructive notice of the mortgaged property.    The court excluded the mortgage upon two grounds: (1) "Because the mortgage was not executed in conformity with the statute of this Territory, being attested by only one subscribing witness; and (2) because there was no law entitling a mortgage made in the Osage Nation to record."

The plaintiff at the trial also attempted to show by one A. C. Stich, the president of the bank, who was called as a witness, that he had actual notice and knowledge, at the time of the transaction by which the bank secured possession of the property, that the plaintiff had a mortgage upon said property.    This witness was asked if he was not present at the time of the execution of this mortgage by Stokes to the plaintiff in error.    The court excluded the testimony on the theory that "actual notice is not notice at all when not accompanied by possession." We think the plaintiff had the right to show that the bank had actual notice of the mortgage, and to exclude this testimony was manifestly erroneous.    It is a well settled principle of law that notice is the equivalent of knowledge, and may be divided into two classes, constructive and actual.    Constructive notice is that imparted by the record, and is a matter of statute.    Actual notice exists

when knowledge is actually brought home to the party to be affected thereby. It also includes implied notice, which is notice to the authorized agent of the party sought to be bound by the notice. The filing of a chattel mortgage for record, and the recording thereof, are but constructive notice of its existence; and, if the party had notice of its existence otherwise than by its record, the full purpose of the recording act is attained.

Cobbey on Chattel Mortgages, (section 611) says: "A subsequent purchaser in good faith can always take advantage of the failure to record the chattel mortgage. A subsequent purchaser in good faith, for value, is one who, after the mortgage is claimed to have been made, but before it is recorded, buys the property covered thereby, paying a valuable consideration therefor, and without knowledge of the existence of the mortgage."

The following provisions of our statute are applicable to this case. Section 3275 provides: "A mortgage of personal property must be signed by the mortgagor in the presence of two persons, who must sign the same as witnesses thereto, and no further proof of acknowledgement is required to admit it to be filed." Section 3270 reads: "A mortgage of personal property is void as against creditors of the mortgagor, and subsequent purchasers and encumbrancers of the property, in good faith for value, unless the original or an authenticated copy thereof, be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof is at such time situated." Sections 3275 and 3270 of our statute are exact copies of the Code of South Dakota relating to chattel mortgages. In construing these sections, the supreme court of South Dakota, in a case decided in 1894, said: "A mortgage of personal

property is valid as between the parties thereto and as to subsequent purchasers and incumbrancers having actual notice of said mortgage, though it may not be attested by any subscribing witness. And a compliance with the conditions prescribed in the statute, 'that a mortgage of personal property must be signed in the presence of two persons, who must sign the same as witnesses thereto,' is only required in order that such mortgage may be entitled to be filed in the office of the register of deeds of the proper county, and operate as a constructive notice to creditors, subsequent purchasers, and incumbrancers in good faith, for value, who have no actual notice of such mortgage." (*Machine Co. v. Lee*, 4 S. D. 495, 57 N. W. 238.)

In construing these sections our supreme court has held that a chattel mortgage must be executed in the presence of two persons, who must sign the same as witnesses thereto, in order to entitle it to be filed in the office of the register of deeds as constructive notice to subsequent purchasers or incumbrancers in good faith, for value; and such mortgage, when executed in the presence of but one subscribing witness, is void as against an attaching creditor who had actual notice of the execution of such mortgage. (*Campbell v. Richardson*, 6 Okla. 375, 51 Pac. 659.)

There were two questions presented in that case for determination: First, whether or not, under the provisions of our statute, a chattel mortgage executed in the presence of but one witness, and therefore not entitled to be filed, is valid as against the creditor of the mortgagor who has actual knowledge of the existence of said mortgage prior to the time of acquiring, by attachment or other judicial proceeding, a specific lien on the property covered by such mortgage; second, whether or not the

word "creditors," mentioned in section 3270, Statutes Oklahoma 1893, includes all persons to whom such mortgagor is indebted at the time of the execution of the mortgage, as well as those to whom he became indebted subsequent to the execution thereof, or only the latter class. In other words, the only question involved in that case was whether such a mortgage was valid as against an attaching creditor, who had actual notice of the mortgage prior to the commencement of the action; and the question whether or not the same rule applied to a subsequent purchaser in good faith, for value, was not an issue to be determined in that case.

There is a clear distinction between creditors and subsequent purchasers in good faith, for value, under the provisions of our statute. The latter cannot acquire any rights superior to an unrecorded chattel mortgage, of which they have actual notice or knowledge; while the former are not affected by such knowledge or notice. In other words, if a failing debtor gives a mortgage to one creditor, which is not properly executed or recorded, a subsequent purchaser can take no advantage of such defect, if he knew of the mortgage. On the contrary, a creditor can take advantage of such defect notwithstanding he had actual or constructive notice of the mortgage. The defective execution of a mortgage, such as the failure to be witnessed in the presence of two witnesses, and attested by them, does not render the mortgage absolutely void. It is valid between the parties, and as against a subsequent purchaser or incumbrancer who has actual notice or knowledge of such mortgage. Actual notice is as binding upon a subsequent purchaser as is constructive notice which is imparted by the proper execution and filing of the instrument.

The question, then, arises, can there be a subsequent purchaser of property in good faith, and for value, who has actual notice and knowledge of the mortgage, under the provisions of our statute? We think not. That principle, as well as the great weight of authorities in this country, sustains the doctrine that it is competent to show that a subsequent purchaser or incumbrancer has notice or knowledge of such mortgage, and that, if he had such notice or knowledge of such mortgage, he cannot be a *bona fide* purchaser within the meaning of the statute. The supreme court of Nebraska has held that a mortgagee in good faith, under the chattel mortgage law of that state, is one who takes his mortgage to secure a debt actually and justly owing to him, without any notice, actual or constructive, of other existing claims against the mortgaged property. (*State Bank of Lushton v. O. S. Kelley Co.*, 66 N. W. 619.)

In the case of *Snyder v. Bank*, 32 S. W. 162, the court of civil appeals of Texas, in 1895, decided that one taking a chattel mortgage with actual notice of a prior chattel mortgage on the same property is not a mortgagee in good faith within the meaning of the statute of that state making a chattel mortgage void as to subsequent mortgagees and lien holders in good faith, unless the mortgage is filed with the county clerk.

In *Bank v. Gibson*, 39 Pac. 1069, the supreme court of California held that a subsequent purchaser with notice of a prior mortgage is not a subsequent purchaser in good faith. The court in that case held that, although there was no law for the recording of the chattel mortgage in question, still the mortgage was valid as against the mortgagor, and also valid as against the purchaser,

who purchased the property with actual notice of the existence of the mortgage.

The supreme court of Washington, in the case of *Hinchman v. Railway Co.*, 44 Pac. 867, construing the provisions of the statute of that state providing that a mortgage of personal property is void as against creditors of the mortgagor or subsequent purchasers and incumbrancers of the property for value, and in good faith, (1 Hill's Code, sec. 1648), said: "A mortgage of personal property is void as against creditors of the mortgagor or subsequent purchasers and incumbrancers of the property for value, in good faith."

So interpreted, the section harmonizes with the statutes of New York, Michigan, Ohio, New Jersey, Nebraska, Minnesota, Kansas, and the Dakotas, as such statutes have been interpreted by the courts of last resort in those states, and best accords with reason. Manifestly, there are three classes of persons whose rights are defined by this section. They are (1) creditors of the mortgagor, (2) subsequent purchasers, and (3) parties in whose favor subsequent incumbrances of the property are made. As to the first class, (creditors,) the unrecorded mortgage is absolutely void. It is void, also, as to the two latter classes, when they deal with the mortgaged property for value, and in good faith. Subsequent purchasers and parties taking subsequent incumbrances upon the property are thus placed upon the same footing, and, in all reason, why should they not be? But to adopt the construction for which appellant contends would require us to hold that an unrecorded mortgage is absolutely void as against "creditors of the mortgagor," and as against "creditors of subsequent purchasers," and would leave the rights of subsequent purchasers of the property

wholly unaffected and undetermined by the statute.     The
three classes affected by the statute under the construc-
tion claimed by the appellant would be:·' First, creditors
of the mortgagor; second, "creditors of subsequent pur-
chasers;" and third, persons subsequently taking incum-
brances upon the property.     It might be asked, what
possible reason could the·legislature have had for in-
cluding "creditors of a subsequent purchaser," as a class.
within the provisions of this statute?    On the other hand,
there are many reasons why the rights of subsequent
purchasers of property embraced within an unrecorded
mortgage should .be defined by statute.

Appellant also insists that the words "good faith" did
not mean or include "without notice," and he argues that
there is no want of good faith on the part of one who
secures "a lien on his debtor's property, which property
may have been included in a chattel mortgage which the
law declares to be void as to him."    But we answer that
the law has not declared the unrecorded mortgage ab-
solutely void as to a subsequent purchaser or mortgagee,
but only void as to such purchaser or mortgagee for value,
and in good faith.    As between the mortgagor and mort-
gagee. the mortgage is valid, although not recorded; and
we do not think that one who takes a subsequent mort-
gage upon property which he knows is embraced within
the prior unrecorded mortgage of another can be per-
mitted to assail such prior mortgage because of the mere
failure to record it.

In the case of *Mendenhall v. Kratz*, 44 Pac. 873, the su-
preme court of Washington said: "But an incumbrancer
or subsequent purchaser, in order to avail himself of an
omission of the affidavit, or of a failure to acknowledge
or record the instrument must be able to show that he is

an incumbrancer for value, and in good faith. Nothing is said about notice, and that question is, therefore, material only in cases where good faith is required to be shown. The mere fact, therefore, that respondent's mortgage was not verified or recorded will not render it invalid as to appellant unless he purchased the property for value, and in good faith; and no one can become a purchaser or an incumbrancer of property in good faith if he have notice of a pre-existing mortgage, although such mortgage may not be recorded or verified in accordance with the statute." (*Roy & Co. v. Scott, Hartley & Co.*, 11 Wash. 399, 39 Pac. 679; *Trust Co. v. Hendrickson*, 25 Barb. 484; *Chase v. Box Co.*, 11 Wash. 377, 39 Pac. 639; *Darland v. Levins*, 1 Wash. 582, 20 Pac. 309; *Hinchman v. Railway Co.* [Wash.] 44 Pac. 867; Jones, Chat. Mortg. 4th Ed. sec. 318.)

In New York the statute declares that a mortgage is "void as against the creditors of a mortgagor, and as against subsequent purchasers and mortgagees in good faith." (Laws 1833, c. 279, sec. 1.) In construing this statute the courts of that state have held that subsequent purchasers and mortgagees are not protected unless they take their conveyances in good faith; and they cannot take them in good faith if they have actual knowledge of the existence of an antecedent mortgage. (*Trust Co. v. Hendrickson*, 25 Barb. 484; *Tyler v. Strang*, 21 Barb. 198; *Tiffany v. Warren*, 37 Barb. 571; *Stevens v. Railroad Co.*, 31 Barb. 590.)

The statute of New Jersey makes a similar distinction between creditors and subsequent purchasers and mortgagees. (*Sayre v. Hewes*, 32 N. J. Eq. 652.)

Applying these decisions to the case at bar, we think it clearly follows that it was competent for the plaintiff

to show that the Citizens' National bank had actual notice and knowledge of the execution of the mortgage by Stokes to the plaintiff, and that, if the bank had such notice or knowledge, it could not be a subsequent purchaser in good faith, for value, within the meaning of the statute. The court therefore erred in excluding testimony showing actual knowledge on the part of the bank of the existence of the mortgage, and in taking this case from the jury.

It is contended by counsel for the appellant that a chattel mortgage, signed by the mortgagor, in the presence of one person, and acknowledge before a notary public, such notary not being the attesting witness, is a sufficient compliance with the statute which provides "that a mortgage of personal property must be signed by the mortgagor, in the presence of two persons, who must sign the same as witnesses thereto," and that the notary in such case supplies the omission of one attesting witness. As this case must be reversed and remanded for reasons already stated, it is not necessary to decide this question. The judgment of the district court is therefore reversed, and the cause remanded for a new trial.

All of the Justices concurring.