## CHASE v. CABLE CO.

No. 8489—Opinion Filed Feb. 12, 1918.

(170 Pac. 1172.)

(Syllabus.)

1. **Appeal and Error—Right to Allege Error —Instruction.**

It is not error of which defendant can complain to instruct the jury that plaintiff was required to make out its case by a fair preponderance of the evidence.

2. **Trial—Instructions—Sufficiency.**

Where the instructions, taken together and considered as a whole, fairly present the law of the case, and there is no conflict in the different paragraphs thereof, this will be sufficient.

3. **Trial—Verdict—Conduct of Juror.**

The mere fact that a witness for plaintiff held a conversation with a juror will not vitiate a verdict unless the communication was of such a nature as was calculated to corrupt or prejudice the mind of the juror or produce substantial prejudice to the losing party.

4. **Evidence— Admissibility —Photographic Copy.**

Where an original mortgage was in evidence, and no reason or excuse appears for the introduction of a photographic copy of the original, such copy was properly excluded.

5. **Chattel Mortgages—Attestation.**

Upon a plea of forgery in an action of replevin, evidence that the signature of one of the attesting witnesses to a chattel mortgage was forged is immaterial, as such witnesses are not necessary to the validity of such mortgage between the parties.

6. **Pleading—Amendment—Exhibit.**

Where during the trial it appeared that there was some slight variation between an original mortgage and a copy thereof attached to plaintiff's petition, it was not error to permit the pleadings to be amended by attaching a correct copy of the mortgage as an exhibit to the pleadings.

7. **Witnesses — Cross-Examination — Credibility.**

A witness upon cross-examination may be asked whether he has ever been convicted of a felony or a crime involving moral turpitude.

Error from County Court, Tulsa County; J. W. Woodford, Judge.

Replevin by the Cable Company against A. L. Chase. Verdict for plaintiff, motion

for new trial overruled, and defendant brings error. Affirmed.

C. N. Simon, for plaintiff in error.

Robinson & Mieher, for defendant in error.

HARDY, J. The Cable Company brought replevin in the county court of Tulsa county for possession of one piano, the possession of which was alleged to be wrongfully held by defendant, A. L. Chase. The parties will be designated in accordance with their respective titles in the trial court.

Plaintiff claimed possession of said piano by virtue of a chattel mortgage alleged to have been executed by defendant. Defendant filed answer denying the execution of the mortgage and alleged same had been forged. Trial to a jury resulted in a verdict in favor of plaintiff for possession of the piano or its value which was fixed at $277. Motion for new trial was overruled, and defendant prosecutes error.

The court instructed the jury that plaintiff was only required to make out its case by a fair preponderance of the evidence, and defendant assigns error upon the giving of this instruction, and cites in support of his contention the opinion in St. L. & S. F. Ry. Co. v. Bruner, 56 Okla. 682, 156 Pac. 649, where it was held that the giving of an instruction that a slight preponderance of the evidence will sustain the burden of proof as applied to an issue of fraud was prejudicial. This was so because proof of fraud must be clear, strong, and convincing, and slight proof thereof is not sufficient. The authority cited is not in point. There is a conflict of authority as to the propriety of using the words "fair" or "clear" in addition to the word "preponderance" when instructing as to the degree of proof required. Some of the courts hold the use of these words misleading because they are liable to be construed as requiring a higher degree of proof than is furnished by a preponderance alone, while others hold the use of such words proper. 38 Cyc. 1751, 1752. So, if the court committed error in giving this instruction, defendant cannot complain, because the effect would be to place a greater burden upon plaintiff than the law requires:

The court also instructed the jury as follows:

"On the other hand, if from the facts and circumstances in evidence in this case you find that the mortgage and note introduced by plaintiff in this case were not as a matter of fact made, executed, and delivered by the defendant to the plaintiff, then your verdict should be for the defendant."

Defendant claims this instruction is erroneous in that it places the burden of proof upon him to make out his defense. Taken in connection with instruction No. 2, and instruction No. 3 as a whole, of which the quoted language forms a part, there is no justification for placing such construction thereon. The clear import of these instructions is that plaintiff must make out its case by a fair preponderance of the evidence in order to recover, and there is nothing contradictory or misleading in the two instructions, and, when considered together, they fairly state the law of the case. This is sufficient. C., R. I. & P. Ry. Co. v. Newburn, 39 Okla. 704, 136 Pac. 174; Chickasha Street Ry. Co. v. Marshall, 43 Okla. 192, 141 Pac. 1172; Chickasaw Compress Co. v. Bow, 47 Okla. 576, 149 Pac. 1166.

It is urged that the court should have granted a new trial because of misconduct of plaintiff and some of the jurors. In support of this ground of his motion defendant offered in evidence certain affidavits that H. C. McMillon, witness for plaintiff, was seen to engage in a conversation with two members of the jury during the progress of the trial. The affidavit does not set out the nature of the conversation, nor is it made to appear that any prejudice to defendant resulted therefrom. Counsel cite no authorities in support of their contention that the mere effect of a conversation between a witness and a juror of itself in a civil case is sufficient to set aside the verdict rendered. There is no merit in this contention. 2 Thompson on Trials, §§ 2553, 2558.

The original mortgage was offered in evidence and was before the jury, and, as there was shown no reason or excuse for the introduction of a copy thereof, the offer by defendant of a photographic copy of the original instrument was properly refused. 17 Cyc. 420 and 517; Wigmore on Evidence, § 797, p. 905.

There was no issue as to the genuineness of the signature of the witnesses to the original mortgage. Defendant's plea of forgery only went to the question of whether the mortgage had been executed by him. The signature of witnesses to the intsrument were not necessary to its validity as between the parties, but required merely for the purpose of entitling the instrument to be filed of record. Strahorn, etc., Co. v. Florer & Bannerman, 7 Okla. 499, 54 Pac. 710; Frick Co. v. Oats et al., 20 Okla. 473, 94 Pac. 682. The plaintiff therefore was not required to prove the genuineness of the signatures of the attesting witnesses, and, no issue being made thereon in the pleadings, such testi-

mony was wholly immaterial, and there was no error in rejecting evidence offered to show that the purported signature of one of the attesting witnesses was not genuine.

It appeared during the trial that there was some slight variance between the copy of the mortgage attached to plaintiff's petition and the original one offered in evidence. Upon this being made to appear, plaintiff asked and was granted leave to amend his pleadings by attaching a correct copy of the mortgage as an exhibit which was accordingly done. This was permissible under the statute. Section 4784, Rev. Laws 1910.

Upon cross-examination of defendant he was asked whether he had ever been convicted of a felony or any crime involving moral turpitude. Section 5046, Rev. Laws 1910, provides that:

"No person shall be disqualified as a witness in any civil action or proceeding, by reason of his interest in the event of the same, as a party or otherwise, or by reason of his conviction of a crime; but such interest or conviction may be shown for the purpose of affecting his credibility."

Under this section it was not error to ask the question. A conviction would not disqualify defendant as a witness, but such conviction may be shown for the purpose of affecting the credibility of the testimony given by him.

Upon an examination of the entire record, we reach the conclusion that substantial justice has been done, and no prejudicial error being made to appear, the judgment is affirmed.

All the Justices concur.