## Hermann Kohl v. James S. Lynn.

*Chattel mortgages: Registry: Subsequent purchasers or mortgagees in good faith.* The statute (*Comp. L.,* § *4706*), which makes an unrecorded chattel mortgage void against "subsequent purchasers or mortgagees in good faith," is intended to protect those only who have acquired rights such as would render them liable to be defrauded but for this protection against instruments of which they had no notice when they obtained their rights.

*Bona fide purchaser.* A purchaser who has paid nothing does not come within this protection, and no one can be protected as a *bona fide* purchaser except to the extent of his payments made before notice.

*Chattel mortgages: Legal title: Sales by mortgagee: Accounting for proceeds.* A chattel mortgage does not transfer the legal title until after foreclosure or something equivalent thereto, which must usually be by a sale; and the proceeds of sales by the mortgagee are to be treated as moneys collected to apply on the security, and do not belong to the mortgagee beyond the extent of his lawful claim as a creditor.

*Replevin: Special property: Chattel mortgages: Mortgagee's interest.* Under the statute (*Comp. L.,* § *6754*) requiring judgment in replevin to be according to the respective rights and interests of the parties in the property, the exact extent of the subsisting claim of a mortgagee who brings replevin is a legitimate subject of inquiry.

*Heard June 16.     Decided June 21.*

Error to Kalamazoo Circuit.

*O. T. Tuthill,* for plaintiff in error.

*May, Powers & Gales,* for defendant in error.

CAMPBELL, J:

Lynn, who had a chattel mortgage against certain horses and a wagon (with other property), executed to him by one Brown, replevied them from Kohl, who had bought them on credit from Brown, without notice of Lynn's mortgage, which was not properly recorded.

Upon the trial in the court below, the parties both took somewhat extreme grounds, Kohl insisting as a purchaser in good faith that Lynn's mortgage was void for want of record, and Lynn claiming that his title had become absolute and beyond redemption.

KOHL v. LYNN.

The statute which makes a mortgage of chattels, which has not been recorded, void against "subsequent purchasers or mortgagees in good faith" (2 C. L., § 4706), uses those terms in the sense which has always been attached to them by judicial decisions. The only object of the law is to protect those who have acquired rights under circumstances which would render them liable to be defrauded unless protected against instruments of which they knew nothing when they obtained their rights. It has always been held that a purchaser who had paid nothing could not be thus defrauded, and that no one could be protected as a *bona fide* purchaser except to the extent of his payments made before he received such notice as should have prevented him from making further payments. This doctrine has been too uniformly recognized to require discussion or citation of authorities.

As Kohl had made no payments at all before the property was replevied from him, he was not a *bona fide* purchaser, and his rights are subject to the mortgage.

But, on the other hand, it is also well settled in this state that the title of a mortgagee of chattels does not become absolute until the mortgagee has done some act equivalent to a foreclosure, which must usually at any rate be by a sale; and any moneys realized from such a sale must be treated as moneys collected to apply on the security, and not as the absolute property of the mortgagee, beyond the extent of his lawful claim as a creditor.—See *Lucking v. Wesson*, 25 Mich. R., 443; *Baxter v. Spencer*, 33 Mich. R., 325; *Cary v. Hewitt*, 26 Mich. R., 228; *Flanders v. Chamberlain*, 24 Mich. R., 305; and many other cases.

The property replevied from Kohl was only a part of that mortgaged to Lynn. His chattel mortgage covered also a quantity of growing wheat, which was threshed and sold by Lynn some time after this suit was commenced. Kohl sought to ascertain what amount was obtained for this wheat, but the court below excluded the evidence. In this there was error.

If the wheat was sold for enough to pay the mortgage

debt, then the mortgage was discharged, and Kohl would be entitled to a return of the property, or such other judgment as would be equitable. And if the debt was not entirely discharged, he was still entitled to show the extent to which Lynn's claim had been reduced, and to pay it and redeem the property. The statute contemplates that in an action of replevin the exact extent of the special property of either party may be shown, so that any judgment which is rendered may correspond to the justice of the case.—*2 C. L.,* § *6754.*

We find no other errors which would affect the result, although some of the rulings conflict more or less with the principles which we have laid down.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.