## HILL v. SHRYGLEY.

1. ASSIGNMENT FOR BENEFIT OF CREDITORS: *When set aside for fraud of assignor; Act of 1887.*

   A deed of assignment for the benefit of creditors, made prior to the act of March 31st, 1887, is not affected by that act and will not be set aside on proof of a fraudulent intent on the part of the grantor alone. To invalidate such deed it must be shown that the assignee or creditors to be benefited, knew of the assignor's fraudulent design, or had knowledge of facts sufficient to lead to its discovery. *Hempstead v. Johnson*, 18 Ark., 123; *Cornish v. Dews*, Ib. 172, and *Mandel v. Peay*, 20 Ark., 325. (The act referred to provides that proof of fraud on the part of the assignor, whether known to the assignee or not, shall be sufficient.—REP.)

2. SAME: *Preference of assumed debts; Recitals of deed.*

   L. sold a stock of merchandise to W. & F., in consideration of which they assumed the payment of his indebtedness for the goods. They afterwards executed a deed of assignment for the benefit of their creditors, which recites that they are indebted to the parties who sold the goods to L., giving the amount due to each, and making them, with others, preferred creditors. *Held:* That the preference given to the debts assumed for L., not being for his benefit, will not avoid the assignment on the ground that he was a party to the assignor's fraud; and that until proof of fraud, *prima facie* sufficient to set aside the deed, its recitals are sufficient to show that the assumed debts are genuine, and the assignee is not called upon to produce other evidence of that fact.

APPEAL from *Johnson* Circuit Court.

G. S. CUNNINGHAM, Judge.

Hill, Standish & Co. brought an action against Weems & Flippin, in which an order of attachment was issued and

levied on certain goods in the hands of Shrygley. The latter, by interplea, claimed the attached property under a deed of assignment made by Weems & Flippin, conveying it to him for the benefit of their creditors. By answer to the interplea, the assignment was attacked as fraudulent, and a trial of the issue thus formed resulted in a finding and judgment for Shrygley. Hill, Standish & Co., appealed.

*J. E. Cravens* and *S. R. Allen*, for appellants.

The court below was misled by the case of *Emerson v. Senter*, 118 U. S., to the effect that the assignee must have knowledge of and participation in the fraud of the assignor to make void a statutory deed of assignment. But there is another general principle which he seems to have lost sight of. ''Where a purchaser from a fraudulent vendor has knowledge of such facts as would excite the suspicions of a man of ordinary prudence and capacity, and shuts his eyes and refuses to inquire, he does not purchase in good faith, and is affected with notice of any fraud upon prior creditors affected by the sale.'' 6 Cent. Law Journal, p. 396; Bump., 3d Ed., pp. 201, 362; 32 Ark., 251. Review the evidence and contend that the facts bring this case within this rule.

This court has never held that in a general assignment executed under the statute, and the trust to be executed under the supervision of a court, the trustee or assignee must have notice and participate in the fraudulent intent, to avoid the deed. 39 Ark., 70; 46 Id., 405; 47 Id., 247. In one of these cases a contrary view is indicated. See also, Burrill on Assignments, p. 190; 46 Ark., 412.

Our legislature has condemned such a monstrous doctrine by the act 31st March, 1887, but does not establish a new rule. This was the law before.

*Cohn & Cohn*, also for appellants.

1. Does the fraud of the assignors control? We think so. 21 Am. Law Rev., 901 *et seq.;* 18 Iowa, 493; 43 Mich., 454; 46 Ark., 405, 412.

2. The act 31 March, 1887, providing that fraud of the assignor is sufficient (p. 194), is retroactive, and applies to this case.   43 Ark., 421; 39 Id., 278; Cooley Const. Lim,, marg. p. 381 and notes; '44 Ark., 365; 47 Id., 413, 420; *Beard v. Dansby*, 48 Ark.; 74 Ala., 213.

3. The rule with regard to notice, even if the assignee does stand in the shoes of a purchaser for value (which we deny) was not stated correctly by the court below.   11 Fed. Rep., 559; 20 Id., 258; 6 Wall., 299, 311; 32 Ark., 251.

*A. S. McKennon* and *L. H. McGill*, for appellee.

*Does the fraud of the assignors alone control?*   A fraudulent intent on the part of the debtor alone is not sufficient to avoid the assignment, when neither the assignee nor creditors participate in the fraud.   Bump. Fraud. Convey., 360–1; 18 Ark., 123; Ib., 172; 20 Id., 325; 118 U. S., 3; 13 Ohio, 30; 16 Ohio St., 439; 26 Ill., 36; 19 Mo., 17; 23 Ib., 237; 49 Ib., 548; 26 Gratt., 563; 7 Cold., 32; 2 Mich., 309; 16 Ala., 560; 17 Id., 566.

The question is not open in this state.   It was not involved in 39 Ark., 70; 46 Id., 405; 47 Id., 247.

An assignment is founded upon a valuable consideration. Bump. Fr. Conv., 360; Burrill Ass., sec. 236; 45 Ark., 136.   Though an assignee is not a *"bona fide* purchaser for value,"* in the usual sense, but takes subject to all prior liens, set offs, etc.   Burrill, sec. 391; 45 Ark., 136.

2. The act of 1887 is not retroactive.   Wade on Retroac-

Hill v. Shrygley.

tive Laws, secs. 34, 35, 47, 118 to 130; Cooley Const. Lim., 76, 456.

COCKRILL, C. J.

The first question presented is, whether a deed of assignment for the benefit of creditors shall be set aside on proof of a fraudulent intent on the part of the grantor alone. On the trial the court declared the law to be that the deed should not be invalidated unless the assignee, or creditors to be benefited by the deed, knew of the assignor's fraudulent design, or had knowledge of such facts as would lead to its discovery.

1. ASSIGN-MENT: When set aside for fraud of assignor.

There are conflicting decisions in the courts of this country on the question. See 21 Am. Law Review, 901. The charge was, however, in accordance with the views announced by this court in *Hempstead v. Johnson*, 18 Ark., 123; *Cornish v. Dews*, Ib. 172, and *Mandel v. Peay*, 20 Ark., 325. These cases were followed by the supreme court of the U. S., and the rule they establish approved, in *Emerson v. Senter*, 118 U. S., 3. We are not at liberty to consider it an open question. The relation of the assignee to the contract of assignment is what gives rise to the difference of opinion on this question. If he is to be regarded as the agent of the assignor, or simply a volunteer, as some of the courts hold, why may not a creditor successfully pursue the property on showing that his debt was outstanding when the assignment was made and that the assignor was then insolvent, without regard to any special intent to defraud? But as all agree that this cannot be done, why should the assignor's unaided and unknown design to defraud affect the validity of the instrument? The existing demands of the creditors are said by the courts in line with our own, to be a valuable consideration for the transfer; but the assignee is not treated as a purchaser in

good faith in the sense of protecting his purchase against the prior equities of third persons, unless some further consideration enters into the contract. *Bridgford v. Adams*, 45 Ark., 136; *Farguson v. Edrington*, 49 Ark., 214; *People's Savings Bank v. Bates*, 120 U. S., 556.

Practically the assignee is regarded as a purchaser by all the courts, else he would be treated as a volunteer subject to have his title defeated at the suit of any creditor; but as the creditors are in no worse condition than they were before the the deed and nothing of value has been parted with as a consideration, he is said not to be an *innocent* purchaser. It may be that the rule adopted by neither line of conflicting decisions is throughout a logical deduction from principle, but is rather in accordance with the courts' varying ideas of policy. We adhere to the line previously marked out by this court. Nothing is decided in *Hunt v. Werner*, 39 Ark., 70, contrary to that rule.

Act of 1887.    The legislature has changed the rule announced by the court, for future cases, by enacting that "proof of fraud on the part of the assignor shall be sufficient to invalidate the assignment, whether the assignee knew of it or not." Act March 31st, 1887. The act was passed after the appeal in this case was prosecuted. To permit it to affect this litigation, would be to hold that a contract which was legal when entered into can be invalidated by subsequent legislation. But that would be an interference with vested rights which are beyond legislative control.

The act does not affect the determination of this cause, and the court did not err in its declarations of law.

2. SAME:    It appears that some time before the assignment, a merchant named Little, who was in business under the style of Little & Co., sold his stock in trade to the assignors in con-

Preference of assumed debts: Recitals of deed.

siferation that they would assume the debts due by Little & Co. The deed of assignment seeks to give preference to these assumed ·debts along with certain others. It is argued that this is a preference for Little's benefit, and that, as the proof is that he was a party to whatever fraud the assignor sought to perpetrate, this attempted preference should avoid the deed. But Little is not a preferred creditor under the deed, nor is he mentioned as a creditor at all. The deed recites that the assignors are indebted to the parties who sold the goods to Little & Co., and the amount due each is given as in the case of the other creditors. Until a showing of fraud was made sufficient *prima facie* to overturn the deed, these recitals were evidence of their truth, and the assignee was not called upon to produce other evidence of the genuineness of the debts. *Valley Distilling Co. v. Atkins*, 50 Ark., 289; *Hempstead v. Johnson, supra; Mandel v. Peay*, Ib.

There is nothing in the record to impeach the validity of these debts. The findings of the court are sustained by the evidence, and the judgment must be affirmed. It is so ordered.