LITTLE ROCK *v.* QUINDLEY.

Opinion delivered February 1, 1896.

CONSTITUTIONAL LAW—AMENDMENT OF STATUTE.—The constitutional inhibition against the amendment of any law by reference to its title only (Const. 1874, art. 5, sec. 23) does not apply to amendments by implication ; and hence the act approved April 19, 1895, providing that assessments in local improvement districts in cities of the first class shall be payable to the city collector, is not unconstitutional, though it impliedly amends existing statutes.

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

*J. W. Blackwood*, City Attorney, for appellants.

1.   The circuit judge held the act unconstitutional, upon the ground that it was in violation of sec. 23, art. 5, const. 1874.   The law is, and purports to be, an independent act.   It nowhere attempts to revive or amend the provisions of any act, or to confer anything by reference to the title of any other act, nor to revise, alter or amend any prior act or law.   It repeals all inconsistent acts.   It is not unconstitutional.   13 Mich. 481 ; 70 Ill. 388 ; 109 *id.* 593 ; 20 Am. & Eng. Corp. Cases, 32 ; Cooley on Const. Lim. p. 185 (4 ed); 86 Ala. 22. Statutes which amend others by implication are not within the provision.   The constitutional provision reaches those cases where the act is strictly amendatory or revisory in its character.   40 Ala. 77 ; 11 S. W. 265 ; 10 Col. 403 ; 4 L. R. A. 94 ; 47 Ark. 480 ; 52 *id.* 329. See also Suth. St. Constr. sec. 135 ; Sedgw. Const. St. & Const. Law, p. 530 ; 28 Am. & Eng. Enc. Law, p. 276 ; Potter, Dwar. on St. & Const. p. 154 ; Cooley, Const. Lim. p. 152.   The enactment of one law is as much a repeal of all inconsistent laws as if those inconsistent laws had been repealed by express words.   61

Am. Dec. 331; 50 Ark. 132; 46 Ark. 229; 54 *id.* 346. The power of courts to declare legislative acts unconstitutional is to be exercised with the most guarded circumspection and care. 52 Am. Dec. 694; 63 *id.* 487; 89 *id.* 221; Cooley, Const. Lim. p. 194. The statute must be plainly and manifestly unconstitutional. 41 Am. Dec. 636; 26 *id.* 221; 59 *id.* 756. In *doubtful* cases, legislative acts are never pronounced unconstitutional. 92 Am. Dec. 646; Cooley, Const. Lim. p. 194–195. Courts have nothing to do with the wisdom or the policy of the law. The legislature *had the power* to pass the law, and it must stand.

*Whipple & Whipple*, for appellees.

A regular system of organization and procedure is provided for improvement districts in Sand. & H. Dig. secs. 5337 to 5362, etc. Sec., 5267 *id.*, prescribes the duties of city collector. Now, in lieu of this complete system, the legislature presents a crude, incomplete and obscure act, covering but a small portion of the ground. It is strictly *amendatory* of every one of the above sections, and yet *does not re-enact any portion of them*. It confers greatly increased duties upon the city collector, without so much as *referring* to sec. 5267. It *repeals nothing*. It relates only to cities of the first class. It is within the letter and very spirit of sec. 23, art. 5, Const. It both *amends* prior acts, and *confers* and *extends* the provisions of prior acts, without so much as a reference to the titles of the acts so affected. The reasons of this rule are laid down in Cooley on Lim. p. 15. See also 23 Am. & Eng. Enc. Law, p. 278; 4 L. R. A. 742. All that is really attempted by this act is to strike out "collector" where it occurs and insert "city collector." It attempts to abolish all other collectors, and devolves upon the new collector but one or two duties, and practically abolishes all other

duties required of collectors. 39 Fed. 380. The lean-
ing of the courts is so strong against repeals by con-
struction as almost to establish the doctrine of "no
repeal by implication." Potter's Dwar. St. p. 154; 3
Bibb (Ky.), 180; 7 Nev. 15; 50 Ind. 203; 70 Ill. 391;
4 Neb. 354; 43 N. J. 388; 2 Or. 71; 31 Ark. 239; 47
*id.* 482; 49 *id.* 133; 52 *id.* 295.

RIDDICK, J. This action arose upon a petition of
James O'Brien, as collector for the city of Little Rock,
for a writ of mandamus to compel A. J. Quindley, as
collector, and certain others, as commissioners of the
Scott Street Paving District No. 46, to deliver the tax
books for said district to said petitioner. The only
question before us is whether the act of the legislature,
approved April 19, 1895, entitled "An act to provide for
the collection of assessments by the local improvement
districts in cities of the first class," is a valid law or
not. The act in question requires that "in the collec-
tion of all assessments in local improvement districts in
cities of the first class the assessment shall be payable
to the city collector," etc. Under this act the ap-
pellant, as city collector, claims the right to possession
of the tax books for certain improvement districts in the
city of Little Rock.

It is contended by the appellee that the act is in
conflict with section 23 of article 5 of the state constitu-
tion, which provides that "no law shall be revived,
amended or the provisions thereof extended or conferred
by reference to its title only; but so much thereof as is
revived, amended, extended or conferred shall be re-
enacted and published at length." It is argued that
the statute in question is amendatory of certain sec-
tions of the digest relating to the levying and collecting
of assessments for local improvements in towns and
cities, and that it is void because it does not re-enact

and publish at length the sections as amended. After a consideration of the question, our conclusion is that this position is not tenable. The act in question does not expressly amend any section of the statute. Whatever amendatory effect it had upon the law existing at the time of its passage was by implication only. The rule is settled, by a decided weight of authority, that repeals by implication are not within the meaning of this provision of the constitution, and it is not essential that they should re-enact, or even refer to, the acts or sections which, by implication, they repeal or amend. *Watkins* v. *Eureka Springs*, 49 Ark. 134; *Scales* v. *State*, 47 Ark. 480; *People* v. *Mahaney*, 13 Mich. 481; Cooley's Con. Lim. 182, 185; Sutherland, Stat. Construction, sec. 135, and cases cited.

The purpose of such a provision in the constitution has seldom been better expressed than by Mr. Justice Cooley in the old case of *People* v. *Mahaney*. "The mischief designed to be remedied," he said, "was the enactment of amendatory statutes in terms so blind that legislatures themselves were sometimes deceived in regard to their effect, and the public, from the difficulty in making the necessary examination and comparison, failed to become apprised of the changes made in the laws. An amendatory act which purported only to insert certain words, or to substitute one phrase for another in an act or section which was only referred to but not republished, was well calculated to mislead the careless as to its effect, and was, perhaps, sometimes drawn in that form for that express purpose. Endless confusion was thus introduced into the law, and the constitution wisely prohibited such legislation." *People* v. *Mahaney*, 13 Mich. 497.

The statute under consideration does not purport to amend any statute by a reference to its title or otherwise. No one can say that its terms are blind, or in any

sense obscure or misleading. It plainly appears from it that the intention of the legislature was to require all assessments by local improvement districts in cities of the first class to be paid to, and collected by, the collector. To understand its meaning and effect, no reference is required to be made to any other section or statute. It was said by Chief Justice Cockrill, speaking for this court, in *Watkins* v. *Eureka Springs*, that "it could not have been the intention of the framers of the constitution to put unreasonable restraints upon the power of legislation, and thus unnecessarily embarrass the legislature in its work. They meant only to lay a restraint upon legislation where the bill was presented in such form that the legislature could not determine what its provisions were upon an inspection of it. What is not within the mischief is not within the inhibition." *Watkins* v. *Eureka Springs*, 49 Ark. 134 ; *Montgomery Ass'n.* v. *Robinson*, 69 Ala. 415 ; *Home Ins. Co.* v. *Tax Dist.* 4 Lea, 644.

For these reasons, we do not believe that this act is in conflict with the provision of the constitution mentioned above. The legislature, we think, had the power to pass it, and the courts must uphold it. The judgment of the circuit court is reversed, and the case remanded with an order for further proceedings.

BUNN, C. J., dissents.