[No. 7315. Decided July 9, 1908.]

B. F. HICKS, *Respondent*, v. NATIONAL SURETY COMPANY et al., *Appellants.*[1]

CHATTEL MORTGAGES—VALIDITY—ACKNOWLEDGMENT AND AFFIDAVIT OF GOOD FAITH—BILL OF SALE. Under Bal. Code, § 4558, a bill of sale given as security must be acknowledged and accompanied by an affidavit of good faith, or it will be void as against creditors or subsequent purchasers and incumbrancers, although valid as between the parties.

SAME—BONA FIDE INCUMBRANCER—PRIORITY OF LIENS. A surety company that takes a bill of sale as security for a pre-existing debt or contingent liability upon a breached contractor's bond, is not an incumbrancer for value in good faith, and its lien is inferior to that of a prior bill of sale valid as between the parties, although not executed so as to be valid as to creditors of the vendor or subsequent incumbrancers in good faith.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered December 16, 1907, upon find-

[1]Reported in 96 Pac. 515.

ings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a chattel mortgage.  Affirmed.

*Roberts & Hulbert*, for appellants.

*Pruyn & Felkner*, for respondent.

RUDKIN, J.—On the 3d day of July, 1906, the defendant Farrell entered into a contract with the Kittitas Oil & Gas Company, whereby he agreed to bore a well for the oil company to the depth of 1,600 feet, on or before August 1, 1907, for the consideration of $5,000, to be paid when the work was fully completed.  To secure the faithful performance of this contract, and the return of any money that might be advanced thereunder, in case of failure to fully perform, the contractor gave a bond to the oil company in the penal sum of $5,000, which was executed by the intervener as surety. On the 25th day of January, 1907, Farrell executed and delivered to the plaintiff, Hicks, a bill of sale of his drilling outfit to secure the payment of $1,700.  The bill of sale was absolute in form and was not acknowledged or accompanied by the affidavit of the vendor or mortgagor to the effect that it was made in good faith and without any design to hinder, delay or defraud creditors.  The instrument was recorded in the Bills of Sale record of Kittitas county on the 28th day of January, 1907.  On the 2d day of August, 1907, the oil company notified the contractor and the surety company that the contractor had breached his contract; that the oil company had advanced $1,500 to the contractor, and that certain claims for labor and material were outstanding and unpaid. On the 12th day of August, 1907, Farrell executed and delivered to George W. Allen, as agent for the surety company, a bill of sale of the property included in the former bill of sale to the plaintiff Hicks, to secure and indemnify the surety company against any sums it might be required to pay by

reason of the indemnity bond. This bill of sale was duly acknowledged and accompanied by the affidavit of the vendor that it was made in good faith, etc., and was filed for record on the 13th day of August, 1907. The plaintiff instituted this action on the 19th day of August, 1907, for the recovery of the $1,700 advanced by him to the defendant Farrell, averring that his bill of sale was intended as a chattel mortgage and praying a foreclosure thereof.

At the time of the commencement of this action, an order was obtained from the court directing the sheriff to forthwith take the property into his possession and to safely keep the same until the further order of the court. On the 23d day of September, 1907, the surety company intervened in the action by leave of court, and filed its complaint in intervention, setting forth its rights under the bill of sale to its agent, and alleging that the bill of sale under which the plaintiff claimed was void, because not acknowledged or accompanied by the affidavit of good faith as required by law. The plaintiff joined issue on the complaint in intervention, and the cause came on regularly for trial. The court below found that the lien of the plaintiff was prior and superior to the lien of the intervener, and gave judgment accordingly. From that judgment the present appeal is prosecuted, and the question of priority between the two liens is the only question presented for our consideration.

A bill of sale given as security must be acknowledged and accompanied by the affidavit of good faith required by Bal. Code, § 4558 (P. C. § 6531), or the same will be void as against creditors of the vendor or subsequent purchasers and incumbrancers of the property for value and in good faith. *Sayward v. Nunan,* 6 Wash. 87, 32 Pac. 1022. But a chattel mortgage or bill of sale is good as between the parties, though not acknowledged or accompanied by the affidavit of good faith as required by the above section. *Chase v. Tacoma Box Co.,* 11 Wash. 377, 39 Pac. 639; *Roy & Co. v.*

*Scott, Hartley & Co.*, 11 Wash. 399, 39 Pac. 679; *Menden-hall v. Kratz*, 14 Wash. 453, 44 Pac. 872; *Strahorn etc. Commission Co. v. Florer*, 7 Okl. 499, 54 Pac. 710.

It will further be observed:

"That this statute makes a broad distinction between creditors and subsequent purchasers or incumbrancers. As to the former it positively declares that chattel mortgages are void unless they are accompanied by the specified affidavit and are acknowledged and recorded as required by law. But an incumbrancer or subsequent purchaser, in order to avail himself of an omission of the affidavit, or of a failure to acknowledge or record the instrument, must be able to show that he is an incumbrancer for value and in good faith." *Mendenhall v. Kratz, supra.*

The instrument under which the appellant claims was taken as security for a pre-existing debt or a pre-existing contin-. gent liability. Under such circumstances does it come within the definition of an incumbrancer for value and in good faith, as that term is defined in law? Under the great weight of authority it does not. *People's Savings Bank v. Bates*, 120 U. S. 556, 7 Sup. Ct. 679, 30 L. Ed. 754; *Gest v. Packwood*, 34 Fed. 377; *Id.*, 39 Fed. 525; *Franklin Savings Bank v. Taylor*, 53 Fed. 854; *The Elmbank*, 72 Fed. 610; *Napa Valley Wine Co. v. Rinehart*, 42 Mo. App. 171; *Milton v. Boyd*, 49 N. J. Eq. 142, 22 Atl. 1078; *Hill v. Shrygley*, 51 Ark. 56, 9 S. W. 845; *Kohl v. Lynn*, 34 Mich. 360; *Jones v. Graham*, 77 N. Y. 628; 23 Am. & Eng. Ency. Law (2d ed.), p. 492, and cases cited.

Inasmuch as the lien under which the respondent claims is first in point of time and is valid between the parties, and the appellant is not an incumbrancer of the property for value and in good faith, the judgment must be affirmed, and it is so ordered.

HADLEY, C. J., MOUNT, and FULLERTON, JJ., concur.

DUNBAR and CROW, JJ., took no part.