### MILLS v. SMITH

(Circuit Court of Appeals, Ninth Circuit. February 7, 1910.)

### No. 1,763.

1. STATUTES (§ 159*)—REPEAL BY IMPLICATION—GENERAL RULES OF CONSTRUCTION.

Where two acts of different dates cover the same subject-matter, the later will operate as a repeal of the earlier only where that intention is plainly manifest and unmistakable, and it is the duty of a court to adopt any reasonable construction which will give effect to both.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 229; Dec. Dig. § 159.*

Repeal of statutes by implication, see note to First Nat. Bank of Butte v. Weidenbeck, 38 C. C. A. 136.]

2. CHATTEL MORTGAGES (§ 3*) — REQUISITES AND VALIDITY — WASHINGTON STATUTE.

The provisions of Ballinger's Ann. Codes & St. Wash. § 4558 (Pierce's Code, § 6531), requiring chattel mortgages to be acknowledged and be accompanied by an affidavit of good faith by the mortgagor, were not repealed by Act March 13, 1899 (Laws Wash. 1899, c. 98), which substitutes the filing and indexing of such mortgages for their recording required by such section, but contains no provision changing the requirements as to their execution.

[Ed. Note.—For other cases, see Chattel Mortgages, Dec. Dig. § 3.*]

**3.** STATUTES (§ 142*) — AMENDMENT — CONSTITUTIONAL PROVISIONS — IMPLIED AMENDMENT.

Const. Wash. art. 2, § 37, which provides that "no act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length," applies only to direct amendment by changing the language of a statute, and an act on the same subject-matter may have an amendatory effect by implication on a prior statute without being an amendatory statute within such provision.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 210; Dec. Dig. § 142.*]

Petition for Revision and Appeal from the District Court of the United States for the Northern Division of the Western District of Washington.

In the matter of the Wolverine Lumber Company, bankrupt. Appeal and petition for revision by Edward Mills, trustee, to review an order sustaining the validity of a mortgage by the bankrupt to Everett Smith. Order reversed.

The trustee in bankruptcy of the Wolverine Lu·· ' er Company, a bankrupt, brings before this court, both by petition for revision and appeal, the order of the district judge modifying an order made by the referee in bankruptcy respecting the claim of the respondent and, appellee. On or about June 24, 1907, the corporation by its president and secretary signed a mortgage covering all the property of the corporation to secure a pre-existing indebtedness. The mortgage was in form a combination real and chattel mortgage. A certificate of acknowledgment was affixed to the mortgage, but both the referee and the district judge found that the president of the corporation never appeared before a notary public to acknowledge the same. About a month after the date of the mortgage, an affidavit of good faith, as required by section 4558, Ballinger's Codes of Washington (Pierce's Code, § 6531), was prepared and mailed by the mortgagee to the president of the corporation, who affixed his signature thereto and returned it by mail to the mortgagee, and a jurat was affixed thereafter thereto by a notary public. The affidavit was then attached to the mortgage. These facts were also found by the referee and by the district judge. In the referee's opinion it is said: "It is conceded in the briefs for the claimant that, if the mortgage was accepted and placed upon record without the affidavit of good faith, it is void as against creditors, and for the greater reason it must be held that, if such mortgage was not acknowledged by the officers of the corporation, it is without force." The conclusion reached by the referee was that the mortgage was void and without force as against the creditors represented by the trustee, and he therefore allowed the claim as an unsecured claim. Upon a petition for review the district judge modified the order of the referee, holding the instrument void as a mortgage of real estate, but valid as a chattel mortgage, upon the ground that section 4558 of the Code had been repealed by the act of the Legislature approved March 13, 1899 (Laws Wash. 1899, c. 98). Section 4558 provides as follows: "A mortgage of personal property is void as against creditors of the mortgagor, or subsequent purchasers and incumbrances of the property for value and in good faith, unless it is accompanied by the affidavit of the mortgagor, that it is made in good faith, and without any design to hinder, delay or defraud creditors, and it is acknowledged and recorded in the same manner as is required by law in conveyance of real property." The act approved March 13, 1899, is entitled "Chattel mortgages may be filed," "An act relating to chattel mortgages and the filing thereof, and repealing of laws in conflict therewith," but there is in the act itself no repealing clause whatever.

The portions of the act pertinent to the question here involved are the following:

"Section 1. Mortgages may be made upon all kinds of personal property, and upon the rolling stock of a railroad company and upon all kinds of machinery, and upon boats and vessels, and upon portable mills, and such like

property and upon growing crops and upon crops before the seed thereof shall have been sown or planted: Provided, that the mortgaging of crops before the seed thereof shall have been sown or planted, for more than one year in advance, is hereby forbidden, and all securities or mortgages hereafter executed on such unsown or unplanted crops are declared void and of no effect, unless such crops are to be sown and planted within one year from the time of the execution of the mortgage.

"Sec. 2. Every such instrument within ten days from the time of the execution thereof shall be filed in the office of the county auditor of the county in which the mortgaged property is situated, and such auditor shall file all such instruments when presented for the purpose, upon the payment of the proper fees therefor, indorse thereon the time of reception, the number thereof, and shall enter in a suitable book to be provided by him at the expense of his county, with an alphabetical index thereto, used exclusively for that purpose, ruled into separate columns with appropriate heads: 'The time of filing,' 'Name of mortgagor,' 'Name of mortgagee,' 'Date of instrument,' 'Amount secured,' 'When due,' and 'Date of release.' An index to said book shall be kept in the manner required for indexing deeds to real estate, and the county auditor shall receive for the services required by this act the sum of fifteen cents for every instrument, and the moneys so collected shall be accounted for as other fees of his office. Such instrument shall remain on file for the inspection of the public.

"Sec. 3. Every mortgage filed and indexed in pursuance of this act shall be held and considered to be full and sufficient notice to all the world, of the existence and conditions thereof, but shall cease to be notice, as against creditors of the mortgagors and subsequent purchasers and mortgagees in good faith, after the expiration of the time such mortgage becomes due, unless before the expiration of two years after the time such mortgage becomes due, the mortgagee, his agent or attorney, shall make and file as aforesaid an affidavit setting forth the amount due upon the mortgage, which affidavit shall be annexed to the instrument to which it relates and the auditor shall indorse on said affidavit the time it was filed."

Section 5 prescribes the form of a chattel mortgage for $100 or less. It was the opinion of the district judge that the act of 1899 was a revision of the chattel mortgage law previously in force, and that it must be regarded as a complete substitute therefor, "the effect of it being to repeal the statutory requirements as to the acknowledgment and affidavit of good faith."

J. Y. Kennedy and L. A. Merrick, for appellant.

Jay C. Allen, Smith & Cole, and Shorett & Shorett, for appellee.

Before GILBERT and MORROW, Circuit Judges, and HUNT, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). Upon a careful consideration of the question, we are unable to agree that the purpose and effect of the act of 1899 was to repeal the statutory requirement that a chattel mortgage be acknowledged and accompanied by an affidavit of good faith. Where two acts of different dates cover the same subject-matter, the later will operate as a repeal of the earlier only where that intention is plainly manifest and unmistakable, and it is the duty of a court to adopt any reasonable construction which will give effect to both acts. In Wood v. United States, 16 Pet. 363, 10 L. Ed. 987, Mr. Justice Story said of repeal by implication:

"It is not sufficient to establish that subsequent laws cover some or even all of the cases provided for by it, for they may be merely affirmative or cumulative or auxiliary, but there must be a positive repugnance between the provisions of the new law and those of the old; and even then the old law is repealed by implication only pro tanto to the extent of the repugnance."

Section 4558 of the Code is not mentioned in the act of 1899. That section provides for the affidavit of good faith, the acknowledgment and the recordation of chattel mortgages. The act of 1899 provides for the filing of chattel mortgages within 10 days from the execution thereof, and the indexing of the same, and declares that such filing and indexing shall be considered sufficient notice to the world. It does not deal at all with the subject of the execution or authentication of chattel mortgages. Its purpose was to dispense with the necessity of recording chattel mortgages and to substitute a different registration therefor, leaving it optional with the mortgagee to record mortgages of $300 and more in accordance with the prior act in addition to filing them in accordance with the new. As we construe it, it does not dispense with the existing requisites of the execution, to wit, the affidavit of good faith and the acknowledgment. It is not to be supposed that the Legislature would repeal the statute requiring that a chattel mortgage shall be accompanied by an affidavit of good faith, a statute based upon a sound principle of public policy, and in existence for many years, without clearly expressing that intention. Here there is not only an absence of such intention expressed or implied, but there is in the later act evidence that the Legislature had in mind the continued existence of the former act. It is shown by the language of section 6 of the act of 1899, which provides:

"A mortgage given to secure the sum of $300, or more, exclusive of interest, costs and attorney's fees or counsel fees, may be recorded and indexed with like force and effect as if this act had not been passed, but such mortgage, or a copy thereof must also be filed and indexed as required by this act."

Also by an act passed and approved on the same day (Laws Wash. 1899, c. 72), entitled, "An act relating to the filing and recording of mixed chattel and real estate mortgages in the state of Washington, and curative provisions relative thereto," the first section of which provides that mortgages on real and personal property when acknowledged in the manner provided by law may be recorded as a real estate mortgage, and that the original thereof or a certified copy may be filed, and upon such filing shall constitute notice. The second section is partly curative, but refers also to mortgages to be recorded in the future. It provides as follows:

"In case any mortgage covering mixed real estate and personal property has heretofore been or may hereafter be recorded in the record of mortgages of real estate, or in the record of chattel mortgages, and in case the affidavit required by law to be attached to chattel mortgages was not or shall not be recorded as a part of said chattel mortgage but has been or shall be afterwards recorded upon a separate page of said record and a reference made at the place of the original record of said real estate or chattel mortgage to the said affidavit stating the volume and page on which the same may be found, said record shall constitute notice from and after the date of the filing of said affidavit, the same as if the affidavit and mortgage had been recorded together at the same time and at the same place."

That the Supreme Court of Washington has entertained the view that the requirement of the earlier law as to the affidavit of good faith and acknowledgment of chattel mortgages was not repealed by the later act is indicated by its language in two decisions. In Hicks v. National Surety Co., 50 Wash. 16, 96 Pac. 515, 126 Am. St. Rep. 883,

a case in which was involved the validity of a bill of sale intended as a mortgage, executed on January 25, 1907, the court said:

"A bill of sale given as security must be acknowledged and accompanied by the affidavit of good faith required by Ballinger's Ann. Codes & St. § 4558, or the same will be void as against creditors," etc.

It is true that in the opinion no discussion was had of the effect of the act of 1899 on the prior act, but it is not to be presumed that the later act was overlooked. In the case of Averill Machinery Co. v. Allbritton, 51 Wash. 30, 97 Pac. 1082, the court expressly referred to the later act. The mortgage involved was made on September 21, 1903. The court said:

"The mortgage was duly executed as a chattel mortgage, with necessary acknowledgment and accompanying affidavit that it was made in good faith, without intent to defraud creditors. It was filed in the auditor's office of Lewis county on the same day and was duly indexed by the auditor as provided by law. * * * The latest statute governing the recording of chattel mortgages, as far as we are advised, is to be found in chapter 98 of the Laws of 1899."

It is to be inferred from this language that the court understood section 4558 to be still in force as to its requirement that there be an acknowledgment and affidavit.

In holding that the act of 1899 was intended to be a repeal of the prior law relating to chattel mortgages, and a substitute therefor, the court below was influenced by the constitutional provision of the state of Washington (article II, § 37), which provides:

"No act shall ever be revised or amended by mere reference to its title, but the act revised, or the section amended shall be set forth at full length."

Giving effect to this provision, the conclusion was reached that the later statute abrogates the older statute, whether the Legislature intended to do so or not. But it has generally been held in states in which the same provision has been adopted, and we know of no decision to the contrary, that statutes which amend or repeal by implication prior statutes, in whole or in part, are not within the constitutional prohibition; that the prohibition means only that a prior statute shall not be amended by adding to or striking out certain words or by omitting certain language and inserting certain other words in lieu thereof. Fleischner v. Chadwick, 5 Or. 152; Grant County v. Sels, 2 Or. 243; People v. Mahaney, 13 Mich. 481; Lehman v. McBride, 15 Ohio St. 573; Maguire v. Draper, 47 Mo. 29; Spencer v. State, 5 Ind. 41; Branham v. Lange, 16 Ind. 497; Evernham v. Hulit, 45 N. J. Law, 53; Davis v. State, 7 Md. 151, 61 Am. Dec. 331; State v. Cain, 8 W. Va. 720; People ex rel. v. Wright, 70 Ill. 388; Anderson v. Commonwealth, 18 Grat. (Va.) 295; State ex rel. v. Rogers, 107 Ala. 444, 19 South. 909, 32 L. R. A. 520; Hellman v. Shoulters, 114 Cal. 136, 44 Pac. 915, 45 Pac. 1057; Little Rock v. Quindley, 61 Ark. 622, 33 S. W. 1053; Clark v. Finley, 93 Tex. 171, 54 S. W. 343; State ex rel. v. Hocker, 36 Fla. 358, 18 South. 767. In Re Dietrich, 32 Wash. 471, 73 Pac. 506, the court said:

"That a statute may in its effect modify or be in conflict with a former one because it deals with the same subject-matter does not necessarily make it an

amending statute within the meaning of the constitutional provision invoked here. That provision was evidently intended to prevent the evil of seeking to amend a former law in such manner that the entire law upon the subject treated by the amendment cannot be known without reference to the former law. It was therefore expressly provided that, in the case of such an amendment, the former law as amended shall be fully set out, in order that the full force and significance of the amendment may be at once seen and understood without reference to the former act. But, when an act is independent and complete in itself, though it has the effect to modify a former law, this constitutional provision or a similar one is held in many states not to apply, and such statutes are held not to be within the mischief intended to be remedied."

And the court quoted at length from the opinion of Judge Cooley in People v. Mahaney, in which it was held that a law which does not assume in terms to revise, alter, or amend any prior act or section of an act, but has an amendatory effect by implication, does not conflict with the constitutional prohibition.

As the case as it was presented in this court involved questions of fact in addition to the questions of law which have been discussed, it was properly brought here by appeal. The order of the district judge is reversed, and the cause is remanded, with instructions to affirm the order of the referee.

NOTE.—The following opinions were delivered by Hanford, District Judge, in the court below:

HANFORD, District Judge. The mortgage which is the subject of controversy between the trustee and Everett Smith purports to incumber real estate and create a lien upon personal property. As against creditors of the bankrupt corporation represented by the trustee, the court confirms the decision of the referee and adopts his memorandum decision to the extent of holding that as an incumbrance of real estate the mortgage is void, because it was not acknowledged by the president of the bankrupt corporation in compliance with the requirements of the statutes of this state relating to real estate mortgages.

Section 37 of article 2 of the Constitution of the state of Washington provides that: "No act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length." In view of the constitutional provision above quoted, the court holds that the chattel mortgage law of this state enacted in the year 1899 (Laws Wash. 1899, p. 157, c. 98; Pierce's Code [Ed. of 1905] § 6549 et seq.), being a revision of the chattel mortgage law previously in force, must be regarded as a complete substitute therefor; the effect of it being to repeal the statutory requirements as to the acknowledgment and affidavit of good faith. In re Buelow (D. C.) 98 Fed. 86; Copland v. Pirie, 26 Wash. 481, 67 Pac. 227, 90 Am. St. Rep. 769; 23 Am. & Eng. Enc. of Law (2d Ed.) 282, 283.

I have carefully weighed a suggestion made to me to the effect that, inasmuch as the act of 1899 purports to change the statutory law of the state, and does not expressly repeal certain provisions of the previously existing statute, nor declare an intention to supersede it entirely by the enactment of a substitute, it is not clearly apparent that the revised law has been "set forth at full length" as the Constitution requires; therefore, it is repugnant to the Constitution and void. In that view, all existing chattel mortgages in this state, which, in reliance upon the act of 1899, have been filed and indexed, but not recorded in the manner required for the recording of conveyances of real estate, are invalid to the extent declared by section 6531 of Pierce's Code (Ballinger's Ann. Codes & St. § 4558). Without a firm and mature opinion requiring it to do so, a court should not assume the grave responsibility of declaring a statute to be void, and should be especially cautious when its decision will be a surprise to the business community and have a tendency to unsettle property rights and encourage dishonest litigation. I am convinced that the act

177 F.—42

of 1899 and the previously existing chattel mortgage statute cannot, consistently with the Constitution, be blended and construed as one law, nor can both be upheld as separate acts not in conflict with each other. On the other hand, I find no serious obstacle barring a reasonable conclusion that the act of 1899 is what its title would signify if there were no other statute relating to chattel mortgages; that is to say, it is the statute, and the only statute, relating to that subject. The title of the act does indicate a purpose to repeal only conflicting laws; but the act contains no repealing clause whatever, so that part of the title is surplusage.

There being no special formalities, made essential to the validity of a chattel mortgage by any statute, I hold that a written instrument, signed by the president and secretary and authenticated by the seal of a corporation, which contains the names of the contracting parties, a description of the property mortgaged, and an accurate statement of the terms and conditions agreed to, requires only to be filed in the office of the county auditor and indexed as prescribed by the statute to make it valid and binding upon the mortgagor and his creditors. Although it was given to secure an antecedent debt, there was at the time of its execution no contemplated suspension of business on the part of the mortgagor, and, in fact, the credit of the corporation was strengthened for the time being, and it was enabled to continue in operation as a going concern with beneficial results to those who were then creditors other than the mortgagee. It has been assigned in writing to Everett Smith, and he has a lawful right to sue in his own name for the collection of the debt secured thereby.

The court directs that an order be entered, modifying the order made by the referee in accordance with this memorandum.

### On Petition for Rehearing.

One of the grounds for a rehearing alleged in the trustee's petition is that: "The testimony shows that there were persons who became creditors of the bankrupt subsequently to the 24th day of June, 1907, and prior to the 27th day of July, 1907." If this were a true statement, it would be necessary for the court to make a ruling upon the question. as to the validity of a chattel mortgage for an antecedent debt given by an insolvent corporation. It is assumed by the court that the mortgage became effective, against subsequent creditors, on the day on which it was filed for record in the office of the county auditor, and there are no others to be considered. The evidence contradicts the petition for a rehearing, and the court finds that the mortgage, when given, was not prejudicial to creditors who were creditors at the time of the initiation of the proceedings in this case.

Attorneys for the trustee, in combating the decision of the court, have cited the case of Hicks v. National Surety Co., 50 Wash. 16, 96 Pac. 515, 126 Am. St. Rep. 883. The opinion of the court in that case contains the following dicta: "A bill of sale given as security must be acknowledged and accompanied by the affidavit of good faith required by Ballinger's Ann Codes & St. § 4558 (Pierce's Code, § 6531), or the same will be void as against creditors of the vendor or subsequent purchasers and incumbrancers of the property for value and in good faith." I do not find in the report of the case any reference to the statute enacted in the year 1899, and it is quite obvious that the lawyers who presented that case to the Supreme Court neglected to call attention to the later statute, and that the court did not intentionally or consciously express any opinion as to its validity or effect. I cannot decide this case contrary to my own opinion of the law, on a theory that this court is fettered by a decision of the state court in which the vital question was not considered.

Another statute enacted by the Legislature of 1899, which was approved the same date as the new chattel mortgage law under consideration, provides that any mixed mortgage upon real estate and personal property may be recorded as a real estate mortgage when acknowledged in the manner provided by law, and that the original instrument, or a certified copy thereof, may be filed, and that such record and filing shall constitute notice of the lien provided for by said mortgage. The second section of the act, when considered in connection with the title of the act, appears to have been designed as a curative statute, applicable to past and future transactions, and to make an effective notice by

separately recording affidavits required by law to be attached to chattel mortgages. Pierce's Code (1905 Ed.) §§ 6545, 6546. The first section makes a plain distinction with respect to real estate and personal property covered by a mixed mortgage, and appears to require an acknowledgment and recording of the instrument to constitute notice of a lien upon real estate, and that the filing of the instrument, or certified copy thereof, shall be sufficient to give notice of the lien upon personal property, and the acknowledgment of the instrument is merely a prerequisite to the recording of the instrument as a real estate mortgage. Neither the acknowledgment, recording, nor filing are declared to be essential to the validity of the contract, but are requisite to constitute constructive notice of the existence of the lien. The second section is permissive, and not mandatory, as it prescribes no penalty or deprivation of rights for failure to attach an affidavit or have it recorded.

The most that can be claimed for this statute is that it indicates that the Legislature did not intend to abrogate the previously existing chattel mortgage law. I hold, however, that a specific intent to repeal the prior law is not essential to the accomplishment of that result. If the new law is not void, the constitutional provision prohibiting successive statutes covering the same subject abrogates the older statute, whether the Legislature intended to do so or not.

It is said that there is no evidence before the court that the mortgage was filed and indexed in the manner required by the statute. Without any record or filing, acknowledgment, or affidavit, the mortgage is a valid contract as between the parties, and, until bona fide creditors show affirmatively that the requirements of the law have not been complied with, the court will not presume that their rights are superior to the rights of the mortgagee. The evidence in the case does show that the mortgage was filed in the office of the county auditor of the county in which the property was situated, and there is a legal presumption that the county auditor performed his duty in the matter of indexing.

I find no ground for reversing the decision heretofore announced.