BURKE v. MURRAY.

1. REPLEVIN—EVIDENCE—EXTENT OF INQUIRY WIDE.
   In replevin, the court may determine, not only the question of the right of possession, but also the right of property; and in determining whether or not there shall be a return, the power of the court and the extent of inquiry are as unlimited in an action of replevin as in a suit in equity.[1]

2. SAME—TRIAL—EVIDENCE—ALLOWING WIDE RANGE OF INQUIRY INTO BUSINESS RELATIONS OF PARTIES JUSTIFIABLE.
   In replevin by the owners of a summer resort against the lessee for dishes purchased for use at the resort, where the ownership and right of possession depended upon the agreement between them, which was in dispute, the trial court was not in error in allowing defendant a wide range in showing their business relations, which tended to sustain his claim.[2]

[1]Replevin, 34 Cyc. p. 1517; [2]Id., 34 Cyc. p. 1506.

3. APPEAL AND ERROR—TRIAL—CLAIM OF ERROR IN ALLOWING WIDE
RANGE OF INQUIRY NOT SUSTAINED.
Plaintiffs' claim that they were denied the same privilege
of wide ·examination allowed defendant, which, if true,
would constitute reversible error, is not sustained by the
record, which shows that the rejected question, complained
of, was a very general one, and that there was no sub-
sequent effort by plaintiffs to show what they were en-
titled to by asking specific questions.[3]

Error to Van Buren; Des Voignes (L. Burget), J.
Submitted June 10, 1926.  (Docket No. 67.)  De-
cided October 4, 1926.

Replevin by John H. Burke, Jr., and Lowell N.
Foard, copartners as Burke & Foard, against Paul
Murray for the possession of certain dishes.  Judg-
ment for defendant.  Plaintiffs bring error.  Af-
firmed.

*Mason & Sharpe,* for appellants.

*Ed. J. Anderson,* for appellee.

BIRD, C. J.  In 1922 plaintiffs were the owners of
a summer resort on Lake Cora, in Van Buren county.
In the spring of that year they leased the resort to
defendant, with an option to purchase it.  The sum-
mer resort had not been operated for several seasons
and was in need of many repairs and much operating
equipment.  The defendant was of limited means, and
plaintiffs advanced to him the sum of $2,000, to be
expended by him for repairs and necessary equipment
of a permanent nature, but for no transient purpose,
like food stuffs.  Defendant went forward with the
work of repairing and cleaning up the grounds, moving
buildings, renovating furniture, having some of the
carpets made into rugs, and, among other things, he
purchased about $500 worth of dishes.  These were

[3]Trial, 38 Cyc. p. 1329.

of a lasting quality and would remain longer than the lease, and it was understood that they were to be paid for out of the $2,000 advancement. The summer of 1922 was an unfavorable summer for resort business, and on October 4th of that year the defendant gave plaintiffs notice that he did not care to remain another year, and he would turn the resort over to them after the season of 1922 was ended. After the season ended they commenced talking settlement, and they disagreed about some items of expenditure, that is, whether certain items should fall within the $2,000 fund, or be paid for by defendant as items of operation. The defendant testified that finally it was decided that there were so many items of repair, including bills for lumber and labor that had been paid for by him, because plaintiffs were unwilling to have them become liens against the premises, that the dishes should not be paid for out of the $2,000 fund because not sufficient for that purpose, but the balance due on them should be paid by defendant and be retained by him. Plaintiffs deny this and say that there was no such talk at any time that defendant should retain the title to the dishes. They were unable to agree as to this item, so plaintiffs replevied them, and the suit was tried out and their differences were left to a jury, which found for the defendant.

Plaintiffs assign error, and the meritorious question is this: At the trial defendant was permitted to go into the details of their entire business transactions, and it practically resolved itself into an accounting of their business matters in connection with the resort. Defendant made proof that he had expended upwards of $3,000, and counsel complain that this immaterial proof was for the purpose of getting the jury to make an equitable adjustment of their affairs, rather than determine the question as to which party had the title to the dishes. If the details out

of which the case arose had not been gone into in the manner it was, the jury would have had the testimony of the plaintiffs that they owned the dishes, and the testimony of the defendant that he owned them. Of course, it is conceivable that plaintiffs might have title to the dishes and yet owe defendant on general account. We are inclined, however, to the opinion that when defendant asserted that, by subsequent agreement, the dishes were to belong to him, he had a right to support that contention by showing that it was consistent and in conformity with the details out of which the claim arose. If he could show that the state of the account was consistent with his claim it would give strength to his contention. This privilege the plaintiffs were entitled to, as well as the defendant. The plaintiffs make claim that they were denied this privilege, but the testimony shows that it was a very general question which they asked the defendant on cross-examination, and, on objection, it was rejected. There was no subsequent effort to show that any specific expenditure was made by plaintiffs. If we were convinced that this privilege was denied to the plaintiffs and granted to the defendant we should regard it as reversible error. To the objection that the testimony took too wide a range, we think it is allowable in such cases.

In replevin, the court may determine, not only the question of the right of possession, but also the right of property; and in determining whether or not there shall be a return, the power of the court and the extent of inquiry are as unlimited in an action of replevin as in a suit in equity. 34 Cyc. p. 1517; *City of Bath* v. *Miller*, 53 Me. 308.

In *Kohl* v. *Lynn*, 34 Mich. 360, it was held that, under a statute requiring judgment according to the respective rights and interest of the parties in the property, the exact extent of the subsisting claim of

a mortgagor who brings replevin is a legitimate subject of inquiry.

As a whole, we think the case was very well tried by both parties. As most of the other assignments of error lead into this question we have discussed, we think no further consideration is necessary.

The judgment is affirmed.

SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred. SHARPE, J., did not sit.