SHAND *v.* SPENCER.

1. CHATTEL MORTGAGES—PRIOR CONDITIONAL SALE.
   The rights of the mortgagee of the vendor's interest in personal property covered by a prior conditional sales contract can be no greater than those of the mortgagor at the time the mortgage was given.

2. SAME—CONDITIONAL SALE—NOTICE.
   As against the purchaser of machinery, a mortgagee under a chattel mortgage, executed by vendor after sale under conditional sales contract, the mortgagee would be limited not only by rights of vendor-mortgagor at time mortgage was executed but also by what occurred between that time and the date the purchasers were notified and mortgage filed in county where machinery was located (3 Comp. Laws 1929, § 13424, as amended by Act No. 18, Pub. Acts 1934 [1st Ex. Sess.], and Act No. 129, Pub. Acts 1935).

3. REPLEVIN—CHATTEL MORTGAGE ON PART OF PROPERTY SOLD UNDER CONDITIONAL SALES CONTRACT—REMAND FOR EVIDENCE OF VALUE.
   On appeal from judgment for plaintiff chattel mortgagee of one machine in action of replevin against purchaser of such machine and another from mortgagor under a conditional sales contract,

case is remanded for taking of testimony to determine both the value of the replevined property at the time it was taken from defendant's possession and amount, if any, owing the mortgagor-vendor as of time mortgagee notified purchaser of mortgage and filed it in county where mortgaged machine was then located (3 Comp. Laws 1929, § 14839).

4. Appeal and Error—Replevin—Remand for Additional Testimony.

On appeal from judgment for plaintiff in action of replevin brought by owner of part of property sold defendant by mortgagor under a conditional sales contract where record contains insufficient testimony to present issues on appeal properly, case is remanded for the entry of judgment after taking of such proofs as may be necessary for such purpose (3 Comp. Laws 1929, § 13424, as amended by Act No. 18, Pub. Acts 1934 [1st Ex. Sess.], and Act No. 129, Pub. Acts 1935; § 14839; Court Rule No. 72, § 1, subd. e [1933], as amended).

Appeal from Wayne; Simpson (John), J., presiding. Submitted June 5, 1941. (Docket No. 52, Calendar No. 41,638.) Decided October 6, 1941.

Replevin by Emma G. Shand against John T. Spencer, trustee of the National Ventilated Block Company, a corporation, bankrupt, for the possession of an automatic Mactile Block machine. Judgment for plaintiff. Defendant appeals. Reversed and remanded for the taking of further proofs.

*Arnold F. Zeleznik,* for plaintiff.

*Lewis Daniels* (*A. Allen Chalfin,* of counsel), for defendant.

Bushnell, J. Plaintiff Emma G. Shand is the holder of a chattel mortgage on one Special Automatic Mactile Block machine numbered E-214, which had been sold by the mortgagor, the Mac Company, Inc., a Delaware corporation, on title-retaining contract, dated August 5, 1937, to Skrzycki and Brozek

for and in behalf of the National Ventilated Block
Company, a corporation to be later organized. This
corporation after its organization became a bank-
rupt before the date of trial and John T. Spencer,
its trustee, was substituted as defendant. Plaintiff
is the wife of E. M. Shand, treasurer and secretary
of the Mac Company.

The chattel mortgage was dated October 26, 1937.
According to defendant's answer, this machine was
delivered on or about December 24, 1937. The chat-
tel mortgage was filed with the register of deeds of
Wayne county on December 31, 1937. Machine
E-214 and another were covered by the Mac Com-
pany conditional sales contract. The second ma-
chine was not delivered until sometime in March of
1938.

Between August 24, 1937, and December 31, 1937,
when plaintiff filed her mortgage and notified the
Block company, either $2,800 or $2,850 had been
paid to the Mac Company. Between that date and
the delivery of the second machine, additional
moneys were paid and, by July 23, 1938, a total of
about $7,000 had been paid on the purchase price of
these two machines and other items. The mortgage
debt was $1,200.

Plaintiff secured possession of the mortgaged
machine by a writ of replevin issued December 28,
1938.

The ledger sheets of the Block company, which
were received in evidence, do not show any alloca-
tion of its payments to specific items of indebted-
ness. The entire indebtedness was shown in one
account without detailing the items. In its answer
the Block company alleged that it had paid about
$925 for work and repairs on the machines and that,
because of their inferior workmanship and material,
there was nothing due the Mac Company, and
neither it nor the holder of the chattel mortgage was

entitled to possession of the machines. Defendant averred that it had carried out its agreement with the Mac Company; that no moneys were due the Mac Company; that no proper demand for possession had ever been made; and that defendant had suffered damages to the extent of $4,646, being the actual value of the machine replevined, and $2,000 in addition thereto for being deprived of its use. At a hearing in the pretrial division of the Wayne circuit court, both sides agreed that the question at issue was properly stated by the court as follows:

"Before this chattel mortgage was recorded, and before the Ventilated Block Company had knowledge of this chattel mortgage, they made certain payments on their conditional sales contract with the Mac Company. As to those payments, counsel for the plaintiff concedes that they are protected. The question then arises as to whether or not the National Ventilated Block Company is protected on payments they made subsequent to the filing of the chattel mortgage and notice to them that there was a chattel mortgage in existence. The claim of the defendant, Ventilated Block Company, is that having entered into the conditional sales contract prior to the chattel mortgage, their dealings with the Mac Company, and the plaintiff having knowledge of this conditional sales agreement, enabled them to make payments direct to the vendor."

The trial judge, sitting without a jury, held that, after the Block company "had notice of the chattel mortgage, they were bound to recognize the same and make their payments in realization that this mortgage was a good and binding chattel mortgage." The court stated that no testimony was produced as to the actual value of the machine at the time it was replevined. The court was of the opinion that plaintiff was entitled to maintain the

action of replevin and entered a judgment in her favor.

Material testimony necessary for decision of the issues presented by the pleadings either was not taken or was not included in the settled record.

Plaintiff's rights as mortgagee of the vendor's interest in the property covered by the conditional sales contract can be no greater than those of her mortgagor at the time the mortgage was given. See 3 Jones on Chattel Mortgages and Conditional Sales (Bowers Ed.), chap. 28, § 1256. Her rights are further limited by what occurred between that date and December 31, 1937, when she notified the vendee, the Block company, and filed her mortgage in Wayne county. 3 Comp. Laws 1929, § 13424, as amended by Act No. 18, Pub. Acts 1934 (1st Ex. Sess.), and Act No. 129, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 13424, Stat. Ann. § 26.929). In view of defendant's contentions that no demand had been made for possession and that nothing was due the Mac Company on the replevined machine at the time, various questions should have been decided. The trial court should have determined both the value of the replevined property at the time of taking and the amount, if any, owing the Mac Company on this machine as of December 31, 1937. See 3 Comp. Laws 1929, § 14839 (Stat. Ann. § 27.1837), and *Kohl* v. *Lynn,* 34 Mich. 360.

Under the provisions of Court Rule No. 72, § 1, subd. (e) (1933), as amended, the cause must be remanded for the taking of such proofs as may be necessary to present the issues on appeal properly. The judgment of the trial court is vacated and the cause remanded for the entry of judgment after such proofs have been taken. Costs to appellant.

SHARPE, C. J., and BOYLES, CHANDLER, NORTH, STARR, WIEST, and BUTZEL, JJ., concurred.