[No. 35416.   Department Two.   June 8, 1961.]

JANE O'BRIEN et al., Appellants, v. HAROLD W. STACK et al.,
Respondents.*

H. Earl Davis and Geo. W. Young, for appellants.

Frank J. Blade, for respondents.

FINLEY, C. J.—The parties formed a corporation to construct and operate a motel. After a time, plaintiff O'Brien, who was originally the majority shareholder, concluded that the Stacks had formed a scheme to wrest control from her. She brought this action to test the legality of certain corporate acts and proceedings involving issuance of stock and control of the corporation. Among other things she charges the defendants with fraudulent conduct in causing the corporation to be under-capitalized at the outset and issuing to themselves additional shares of the corporation.

As to plaintiffs' appeal, we are concerned only with the trial court's decision (1) that issuance of 40,000 shares to the Stacks on March 19, 1958, and (2) that an attempt to authorize a combined issuance of 8,600 shares to the Stacks and 10,500 shares to O'Brien on January 31, 1959, were lawful. The effect of the trial court's decision is that the Stacks control 98,800 shares, and Mrs. O'Brien controls 91,500.

Error is assigned to the trial court's refusal to find that

*Reported in 362 P. (2d) 591.

Stack (who was a director of the corporation along with Mrs. Stack, Mrs. O'Brien, and two others) fraudulently induced the corporation to start operations with a loan of $120,000, when a minimum loan of $160,000 was needed and available, by promising to lend the additional $40,000 if it became necessary. The record clearly shows that all directors were aware of the conflicting views about the needs of the corporation before they voted to accept the $120,000 loan. The evidence concerning Stack's alleged promise to make up the deficiency by a loan is conflicting. The trial judge chose not to believe appellant's assertions. The assignment of error is without merit.

At a meeting on March 19, 1958, the Stacks proposed that they pay into the corporation $40,000 in addition to their original subscription in return for another 40,000 shares. Mrs. O'Brien objected bitterly at first, but finally consented. The corporate action was contested in the trial court and on appeal on the theory that the resolution could not have carried without the affirmative votes of the Stacks and the action could therefore be disaffirmed by Mrs. O'Brien. In *Matteson v. Ziebarth* (1952), 40 Wn. (2d) 286, 242 P. (2d) 1025, we said:

" . . . Where a stockholder consents to the corporate action, he is bound, under principles of estoppel, as to any claim of unfairness concerning which he had knowledge at that time. *Roy & Co. v. Scott, Hartley & Co.*, 11 Wash. 399, 39 Pac. 679; *Baker v. Seattle-Tacoma Power Co.*, 61 Wash. 578, 112 Pac. 647. Such a stockholder is likewise bound as to any claim based upon breach of fiduciary duty short of actual fraud, concerning which breach he had knowledge at that time. *Tefft v. Schaefer*, 136 Wash. 302, 239 Pac. 837, 1119; *Von Herberg v. Von Herberg*, 6 Wn. (2d) 100, 106 P. (2d) 737; 3 Fletcher Cyclopedia Corporations (Perm. ed.) 460, 463, §§ 979, 980. . . ."

Mrs. O'Brien, having consented to the corporate action with knowledge of all the facts, is now estopped from objecting to it.

In May and June 1958, Mrs. O'Brien paid into the corporation an additional $10,500 for the purchase of additional shares. At a meeting held the following August, a resolu-

tion was proposed authorizing issuance to her of 10,500 shares, and, at the same time, issuance to the Stacks of 8,600 shares in payment of a corporate debt to them. Mrs. O'Brien refused to accept shares for her $10,500, and demanded a note and mortgage to secure the debt. It was then decided to carry both the O'Brien and Stack debts as general obligations. Subsequently, Mrs. O'Brien demanded that the 10,500 shares be issued to her. At a meeting of the shareholders on January 31, 1959, the resolution of the August meeting was renewed. The Stack group favored the resolution; the O'Brien faction opposed it. At the time of the meeting, the Stacks controlled 90,200 shares, and Mrs. O'Brien controlled 81,000. The trial court concluded that the resolution had carried and the parties were thereupon entitled to the additional shares. Mrs. O'Brien contends that the 10,500 shares for which she had paid had been allocated by the secretary before the meeting; that she was entitled to vote them against the resolution, and, therefore, that the issue of 8,600 shares to the Stacks had been defeated.

RCW 23.01.290 provides that, with an exception not material here,

". . . every shareholder of record shall have the right at every shareholders' meeting to one vote for every share standing in his name on the books of the corporation. . . ."

The trial court found that at the time of the meeting on January 31, 1959, the records disclosed that the Stack faction owned a total of 100,000 shares to 91,500 shares under the control of Mrs. O'Brien. Error has been assigned to this finding. We agree that it is incorrect. The shareholders' ledger was admitted into evidence and is now before this court. It clearly demonstrates that the figures arrived at by the trial court included the disputed 8,600 and 10,500 shares. *Neither* allotment (contrary to appellant's contention) was on the corporate books at the time of the crucial vote. For purposes of voting strength, it is also necessary to subtract from the Stack total 1,200 shares which the trial court found had been invalidly issued to Mrs. Stack. Therefore, the correct balance of voting strength was, as stated

above, 90,200 for the Stacks, and 81,000 for Mrs. O'Brien. The trial court correctly concluded that the disputed resolution was passed.

■ Appellant has attempted to persuade us to take a somewhat different view of the facts from what we have stated here. She endeavored to persuade the trial court to accept her assertions, and failed. The trial court's findings, however, are supported by substantial evidence. They will not be disturbed. *Thorndike v. Hesperian Orchards, Inc.* (1959), 54 Wn. (2d) 570, 343 P. (2d) 183.

The judgment of the trial court is affirmed.

HILL, WEAVER, ROSELLINI, and FOSTER, JJ., concur.